[No. 3,337.]

# P. MURPHY *v.* JOHN ROONEY.

Mutual Promises Take Contract Out of Statute of Frauds.—
When two parties, who are each in possession of adjoining tracts of land
on the same quarter section, apply to the owner to purchase, each one half
of the same, and enter into a mutual written agreement, that each shall
deed to the other the land he obtains a title to, which is in the possession of
the other, upon being reimbursed the money he pays for the same, these
mutual promises constitute a sufficient consideration to support the agree-
ment, and take it out of the eighth section of the Statute of Frauds.

Reforming Written Contracts.—When, by the mistake of a draftsman,
some of the terms of an agreement are omitted in reducing it to writing,
it should be reformed by the Court, and be enforced as reformed.

Appeal from the District Court of the Sixth Judicial Dis-
trict, County of Sacramento.

The northwest quarter of section thirteen, township eight
north, range five east, Mount Diablo meridian, was in the
grant by Congress to the Central Pacific Railroad Company.
November 1st, 1865, the company had not received a patent
therefor, but was willing to sell the same by giving a bond
for a deed when the patent was issued.   John H. Carroll
was occupying some of this quarter section, and James
McCloy the other part.   On said day Carroll applied to the
company to buy the north half of the quarter, and McCloy
to buy the south half.   Each paid the company one hundred
dollars, and received a bond for a deed.   They then entered
into an agreement in writing, reciting that whereas their
division fences did not run on the sectional lines, that they
therefore agreed that each would deed to the other any land
he might have of the other's when the company gave a
deed, so that each might have the land he was then in
possession of.   The real agreement was that the deed need
not be given until the one demanding a deed should pay
the other what the land had cost him, but this the drafts-
man left out.   The plaintiff derived title from Carroll, and

the defendant from McCloy. The railroad company had received a patent, and deeded to the parties the half his bond called for, when the plaintiff brought ejectment to recover a portion of the north half, which was in possession of the defendant, and in McCloy's possession when the agreement was made. The defendant set up the contract, and asked the Court to reform and enforce it. The Court below rendered judgment for the plaintiff. The defendant appealed.

*McKune & Welty*, for Appellant.

Mutual promises constitute a sufficient consideration. (*Stearns* v. *Barrett*, 1 Pick. 443; *Kempton* v. *Coffin*, 12 Pick. 129; *Hubbard* v. *Coolidge*, 1 Met. 84; *Cartwright* v. *Cook*, 3 B. & Ad. 703; *Miller* v. *Drake*, 1 Caine, 45.) It is necessary that the consideration to support an agreement should exist at the time. (*Train* v. *Gould*, 5 Pick. 384; *Amherst* v. *Cowles*, 6 Pick. 432.)

*Edgerton & Smith*, for Respondent.

The consideration not being expressed in the instrument, it is void in equity as well as at law. A Court of equity cannot reform an instrument void by force of positive law, as this is by the Statute of Frauds.

By the COURT:

Upon looking into the record, we are of opinion that the mutual promises of McCloy and Carroll, contained in the written agreement of November, 1865, constitute a sufficient consideration to support the agreement, and so take it out of the eighth section of the Statute of Frauds.

The Court having found the fact that by mistake of the draftsman some of the terms of the agreement had been omitted in drawing it up, should have entered a decree re-

forming the instrument in those particulars, and specifically enforcing it as reformed.

Judgment reversed, and cause remanded for further proceedings, not inconsistent with this opinion.