JULIA KAYSER, Appellant, *v.* ANNA M. ARNOLD et al., Respondents.

(Argued March 16, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1888, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This was an action to compel the specific performance of an alleged oral contract to execute a written instrument granting to plaintiff a license to use certain patents and inventions.

The following is an extract from the opinion:

" Not only was the writing in question incomplete, because it did not contain all that the parties had agreed should be inserted, but there were important blanks in the writing, with reference to which no agreement or understanding existed, and

it had never been determined how they should be filled. The blanks existed not only in the paper, but also in the minds of the parties, which had never met upon the subject. No general right purported to be granted to the plaintiff, but only a special, though exclusive, right of user, dependent wholly upon the weight of the fabric per yard, yet the blank for this vital particular was left unfilled. There was no agreement, verbal or written, express or implied, as to what that blank should contain. There was no evidence from which the court, even if it were otherwise practicable, could have filled the blank. Every right of the plaintiff rested upon this unadjusted matter, which was left blank in both places where it occurred in the proposed agreement. Careful provision was made for a forfeiture of his right if the plaintiff used the machines in violation of the license, limited to an undetermined weight per yard of the material manufactured into gloves. The learned counsel for the plaintiff contends that the instrument, if signed, would be so construed as to mean ' a reasonable weight per yard,' but the parties did not agree to this, and if they had there is no evidence to enable the court to determine what a reasonable weight would be. No standard of comparison is disclosed. Far from agreeing upon that point, the parties did not even discuss it.

"The proposed agreement was blank also as to its duration, to the extent at least of an entire year, a consideration of some importance when it is borne in mind that the amount of the royalties was guaranteed by the plaintiff to be less than $6,000 a year.

"We agree with the learned General Term in saying ' it is impossible to deduce from this unsigned instrument the terms of a contract sufficiently clear and definite to enable a court to enforce the specific performance thereof.' We do not think that the parties should be compelled to sign a writing so incomplete and indefinite as to be incapable of enforcement when signed.

"The judgment should be affirmed, with costs to the defendants Jennings, but without costs to the defendants Arnold."

*A. J. Dittenhoefer* for appellant.

*Frank E. Blackwell* for respondent Arnold.

*Sanford H. Steele* for respondent Jennings.

VANN, J., reads for affirmance.
All concur.
Judgment affirmed.