## STEARNS v. CLAPP.

Where a landowner wrote plaintiff that he would sell the land for $1,400 net, in reply to which plaintiff wrote that the offer was accepted, and that the deed, when executed, should be sent to a bank, to be turned over to plaintiff on payment to it of $1,400, and that, if the owner had an abstract, he should send it with the deed, or write the bank to allow for one to be made, plaintiff's letter constituted a new proposal, and there was no contract.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Davison county. Hon. E. G. SMITH, Judge.

Action to enforce specific performance of a contract to sell realty by Frank P. Stearns against Harriet A. Clapp. From a judgment for plaintiff, defendant appeals. Reversed.

*T. J. Spangler*, for appellant.

*A. E. Hitchcock*, for respondent.

FULLER, J. Consistent with the theory of plaintiff in this action, for the specific performance of a contract to convey real estate, the trial court found "that on or about the 16th day of April, 1901, the plaintiff and defendant entered into a written contract, the material conditions of which are that the defendant agreed to sell and convey to the plaintiff the following described real estate, namely, the northwest quarter (N. W. ¼) of section number thirty (30) in township one hundred three (103) north, range sixty (60) west 5th P. M., situated in Davison county, state of South Dakota, in consideration of which the plaintiff agreed to pay the defendant the sum of $1,400 in cash; that continually and at all times since the making of said agreement the plaintiff has been able, ready, and willing to comply with the terms of said contract on his part to be performed, by paying to the defendant the sum of $1,400 in consideration of the transfer and conveyance of the above-described premises; that upon April 20, 1901, defendant notified plaintiff in writing that she absolutely refused to comply with the terms of said contract by meeting the requirements on her part to be performed, which were the conveyance of the said premises of the plaintiff; that the refusal and neglect of said defendant to perform the conditions of said contract was wholly without legal cause or justification."

Whether the undisputed evidence is sufficient to justify the foregoing findings, and sustain a judgment requiring specific performance, is the only question in the case.   This evidence consists entirely of the following correspondence between the parties:

"Mitchell, S. D. April 8, 1901.   Harriet A. Clapp, Kalamazoo, Mich.—Dear Madam: Will you kindly give me your price, net to you, for your land located and described as N. W. $\frac{1}{4}$ 30–103–60?   If you wish to sell please advise promptly,   Respectfully, F. P. Stearns."

In answer to this appellant sent the following letter:

"Detroit, Mich., April 12, 1901, 202 Charlotte Ave.   Mr. F. P Stearns, Mitchell, S. D.—Dear Sir: I am in receipt of your letter of inquiry forwarded from Kalamazoo.   I have two $\frac{1}{4}$ sections of land in Dakota, one near Mitchell the other in Sanborn county.   The land in Davison county, which I think is the one you refer to, I hold at $1400, net, that in Sanborn county $1500,   Another party is looking at it but nothing definite has been done.   Yours truly, Harriet A. Clapp.

"P. S.   I would sell the Davison county land for $1400 cash."

Upon receipt of the foregoing answer to his letter, respondent wired appellant: "Davison county land accepted, will send deed for you to sign by mail;" and at the same time he wrote as follows:

"Mitchell, S. D. April 16, 1901.   Dear Madam: Your favor of April 12 received and I wire you to-day accepting your offer to sell the Davison county land (N. W. $\frac{1}{4}$ 30–103–60) for $1400. I enclose you deed for the same land for you to sign and acknowledge before a notary public.   Kindly state in the

acknowledgment on the back of the deed whether single or a widow by simply writing the word single or widow as the case may be, after your name in the acknowledgment. If married have your husband sign with you and then send the deed to the First National Bank of Mitchell South Dakota instructing them to turn the same over to me upon payment to them for you the sum of $1400. If you have an abstract kindly send it with the deed, if not, write to the bank to allow for one to be made. Respectfully, F. P. Stearns."

Immediately upon receipt of this letter she wrote respondent in reply as follows:

"Mr. F. P. Stearns, Mitchell, S. D. Dear Sir: Your letter of April 16 received. I have no abstract and can not be to the expense of getting one. My terms were $1400 net, I therefore reject the offer and make other disposition of the land. Respectfully, Harriet A. Clapp."

From the foregoing it will be seen that the inquiry on the part of respondent related, in a general way, to appellant's net price in cash, and the name of the prospective purchaser nowhere appears. In response to her statement that she held the land at $1,450 net, but would sell for $1,400 cash, he wired that the land was accepted, and at the same time, in explanation of his telegram, wrote in substance and legal effect that the expense of an abstract must be deducted from the $1,400, and that the balance would be paid at the First National Bank of Mitchell, S. D.

Had respondent, in the letter which followed the telegram accepting the land, unconditionally offered to pay appellant the full sum of $1,400 cash, the further request that she forward the executed deed to the Mitchell Bank, to be delivered to

16 S. D.—36

him on receipt of that amount, might not have been sufficient to justify a refusal to perform, and the case would be materially different. The offer to sell for $1,400 net in cash entitled appellant to receive exactly that amount, exclusive of exchange at Detroit, Mich., and respondent's telegram and letter, taken together—as they must be in order to show his intention—constitute a new proposal upon which the minds of the parties never met, Assuming that she made an unconditional offer to sell the land to him for the price and on the terms specified, it is conclusively shown, by his qualified acceptance, that he never assented thereto, and the mutuality essential to a contract that may be specifically enforced has not been shown.

The judgment appealed from is reversed, with the direction that the complaint be dismissed.