## RICHARDS TRUST CO. v. BEACH.

1. There is not an unconditional acceptance of an offer to sell land for $850 net, there being added to the acceptance, "Send deed for collection to bank with abstract showing clear title, at expense of vendor."

(Opinion filed December 2, 1903)

Appeal from circuit court, Beadle county. Hon. JAMES H. McCOY, Judge.

Action by the Richards Trust Company against Murtie L. Beach. Judgment for defendant. Plaintiff appeals. Affirmed.

*Crawford & Taylor* and *T. H. Null*, for appellant.

*Wood & Fairbank*, for respondent.

FULLER, J. Under our view of the merits of this action to require the execution and delivery of a deed, it will not be necessary to determine respondent's motion to dismiss the appeal. In considering whether the trial court was justified in finding that no enforceable contract for the sale of the land ever existed between the parties, we will briefly examine the following evidence offered in support of the complaint: On the 5th day of December, 1901, appellant, a resident of this state, addressed the following letter to respondent at Cedar Rapids, Iowa.

"Dear Madam: We wrote you some time ago pertaining to the N. E. ¼, 17-112-62, Beadle County, South Dakota. We can obtain for you $800 cash for this property if you wish to sell; that is, for clear title with all taxes paid to date and an abstract furnished showing the same. If you care to accept this amount kindly let us know and we will prepare necessary papers and forward to you for execution.

Very respectfully yours,
                    "Richards Trust Company,
                    "By R. O. Richards, President."

The only answer ever received to this letter is dated December 12, 1901, and written at Cedar Rapids, as follows;

"Richards Trust Company, Huron, S. D.—Gentlemen: Replying to yours of the 5th inst. to my ward, Murtie L. Beach, will say that she has been away for two months until now and is entertaining a previous offer for the N. E. ¼ 17-112-62. I have advised her to dispose of it if she can get $800 net—since patent was issued no encumbrances whatever has been placed upon it to my certain knowledge. and all due taxes have been paid. No penalty will attach to next taxes until February or March 1st. Will give you a definite answer within a few days if she concludes to accept your offer.

                    "Truly yours,
                              J. H. Hazleton."

The author of this letter, who was never respondent's guardian, wrote and signed her name to the following telegram, which was transmitted to and received by appellant on the 14th day of December, 1901:

                              "Cedar Rapids, Iowa.

"Richards Trust Company, Huron, S. D.: Do you want quarter for eight hundred fifty net? Answer.
                              Murtie L. Beach."

Appellant construes the foregoing telegram to be an offer to sell the premises, and for an acceptance thereof relies exclusively upon the following telegram and letter, transmitted concurrently:

17 S. D.—28

Huron, S. D., December 14, 1901.

"To Murtie L. Beach, Care J. H. Hazleton, Cedar Rapids, Iowa— We accept your offer to sell us northeast quarter seventeen, township one hundred and twelve, range sixty-two, at eight hundred fifty net cash to you. Send warranty deed for collection to First National Bank with abstract showing clear.

"Richards Trust Company."
"Huron, South Dakota, U. S. A.
"December 14, 1901.

"Murtie L. Beach, Care J. H. Hazleton, Cedar Rapids, Iowa—Dear Madam: In connection with your proposition to sell the northeast quarter of section 17-112-62, Beadle county, S. D., for $850 net cash, as per your telegram of this date just received by us and to which we reply by telegram accepting of your proposition, we beg to hand you herewith warranty deed, properly drawn up, describing the land, etc., for you to execute. We presume that you are a single woman; but if not have your husband join with you in executing and acknowledging this deed. If single, have it so stated in the acknowledgment. You may forward the deed, with proper instructions, to the First National Bank of this city. It is customary with parties selling land here to furnish an abstract of title showing perfect in every respect, and if you have not an abstract of the property, you can instruct the bank to deduct for same.

"Let all papers come forward at the earliest possible moment, and greatly oblige,

"Yours truly,
"Richards Trust Company.
"By R. O. Richards, President."

Respondent, who is 34 years of age, testified in her own behalf as follows: "I am acquainted with Mr. J. H. Hazleton, of Cedar Rapids, Iowa. I never made any writing or signed any writing of any kind directing or empowering Mr. J. H. Hazleton to make any sale for me, or in my behalf, of the northeast quarter of section No. 17, township No. 112, range No. 62, Beadle county, South Dakota. I never, in writing signed by me, empowered or authorized Mr. J. H. Hazleton, of Cedar Rapids, Iowa, to sign or send a telegram in my name to the Richards Trust Company, of Huron, South Dakota, in regard to the sale of the land described. I did not, previous to the sending of the telegram on the 14th day of December, 1901, have any knowledge either that J. H. Hazleton had sent or that he intended to send any telegram with my name attached to it to the Richards Trust Company, of Huron, South Dakota, in regard to the sale of the land. I never authorized Mr. Hazleton to write any letter in my name or in his own name, or to send any telegram in my name or in his own name, to the Richards Trust Company, of Huron, South Dakota, in regard to the sale of the land described." While conceding that an agent for the sale of real property must have written authority over the signature of the party sought to be charged, counsel for appellant maintain that respondent is estopped from denying the authority of Hazleton; but the circumstances of the case, viewed in the light of the law, justify no such conclusion. Were it to be assumed that respondent made an unconditional offer to sell the land for $850 net, she would then be entitled to receive exactly that amount of cash at Cedar Rapids, Iowa, exclusive of exchange and the expense of an abstract of title, which, according to appellant's qualified acceptance, must be

deducted from the alleged purchase price. Stearns v. Clapp, 16 S. D. 558; 94 N. W. 430. Though all that is claimed in appellant's brief be conceded, the minds of the parties never met, and the judgment appealed from is affirmed.