## MEYER LAND CO. V. PECOR.

An instrument reciting that a person named has paid $50 for a tract of land described, "for nine thousand dollars $6,000 cash and the balance on time at 6 per cent 500 payment per year," and signed by the owner, is too incomplete to authorize a decree for specific performance.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Brown county; Hon. J. H. Mc-Coy, Judge.

Action by the Meyer Land Company against A. Pecor. From a judgment for plaintiff, defendant appeals. Reversed.

*Campbell & Taylor*, for appellant.

*L. W. Crofoot*, for respondent.

FULLER, J.    Specific performance of the following instrument was decreed in the court below, and the defendant appeals:

"Received of Meyer Land Co. the sum of fifty dollars for the south half 34–123–63 and N. E. $\frac{1}{4}$ of 3–122–63 for nine thousand dollars $6000 cash and the balance on time at 6 per cent 500 payment per year.

"July 5, 1902.                              A. Pecor."

The back of the instrument contains the following instrument: "Fifty to be given back if parties wont take it without the fifth of the crop."

Appellant's prompt refusal to convey the premises above described was accompanied by an offer to return the $50 which was duly declined by respondent, and thereupon the same was deposited to the credit of such corporation in a bank of good repute. It requires neither scrutiny nor argument to disclose that the foregoing unilateral memorandum is lax in its terms and lacks mutuality of obligation because respondent, without any fault of appellant, may not only decline to perform, but may recover the $50 paid unless some stranger to the contract purchase the premises upon terms that are undisclosed, with the exception of the crop reservation.

There is nothing to show where the instrument was written, no time is fixed for its performance, and the same is defective in the essential particular that the term of credit is not specified. True, the $3,000 deferred balance is divided into $500 payments, to be made annually after the first falls due according to terms apparently left for future determination, and the phrase "at 6 per cent." leaves room for contention between the parties as to the time when the interest is payable. However, the most fatal objection to the instrument is that it is entirely silent as to whether the deferred portion of the purchase price is to be evidenced by promissory notes, secured or unsecured, and the fact that respondent tendered six $500 notes, dated July 5, 1902, maturing respectively in one, two, three, four, five, and six years and secured by a mortgage on the premises, in no manner tends to cure this inherent contractual defect.

In the case of Johnson v. Plotner, 15 S. D. 158, 87 N. W. 926, we affirm the doctrine that courts will not make contracts for the parties, and quote approvingly from Williams v. Stewart, 25 Minn. 516, as follows: "The agreement here was for the conveyance of land at the price of $1,153.50, with interest at the rate of 12 per cent. per annum from August 26, 1871, $500 to be paid within one year, upon which the conveyance was to be made, and a mortgage to be given for the remainder of the purchase money. The parties agreed that credit should be given for the remainder, but the terms of such credit, whether it was to be for one, five, or ten years, do not appear. That was evidently left for future negotiations. The court cannot supply the omission." In Schmelling v. Kriesel, 45 Wis. 325, the court say: "The contract being to give credit for a part of the purchase money, and the time when the credit should expire and the money become payable not having been fixed by the parties, we think the contract is too uncertain or incomplete to authorize a court of equity to decree its performance."

Potts v. Whitehead, 20 N. J. Eq. 55, discloses a written contract to purchase a farm, therein described, at "$20 per acre, $500 to be paid on the execution of the deed, and the balance in a mortgage, with interest at 6 per cent." On a point apparently overlooked by counsel the case was disposed of thus: "The question arising from want of designation of any time when the great bulk of the consideration was to be paid was not raised on the argument, but it is too prominent to be passed without notice. It is a substantial and material part of the contract. The value of the purchase money will be less by more than $5,000, if the payment of it and the interest upon it

were deferred for ten years, than if it was paid in cash or secured by mortgage, with interest payable half yearly. This was not fixed by the contract, had it been excepted. It was open for negotiation, and it is a settled principle that courts of equity will not enforce a contract of which any material part has to be settled by negotiation between the parties. The bill must be dismissed."

"In order to obtain the specific performance of a contract, its terms should be so precise as that neither party can reason-ably misunderstand them." Colson v. Thompson, 2 Wheat. (U. S.) 336, 4 L. Ed. 253.

"The form of the agreement required by the statute of frauds is not material, but it must state the contract with reasonable certainty, so that the substance of it may be understood from the writing itself, without having recourse to parol proof." Bailey v. Ogden (N. Y.), 3 Am. Dec. 509.

It is elementary that the specific performance of a contract is decreed as a matter of favor rather than a strict legal right, and if any of its material terms be uncertain such extraordinary relief in equity must be withheld. Pomeroy on Contracts, § 159; Horner v. Woodland, 88 Md. 511, 41 Atl. 1079; McKibbin v. Brown, 14 N. J. Eq. 1.

Upon principle, the contract here sought to be enforced is not distinguishable from one which is optional as to the purchaser, and expressly recites that the time for performance, terms of credit, and character of security is to be arranged by future negotiation. Nichols v. Williams, 22 N. J. Eq. 63.

Thus measured by the fixed rule of text-writers and the adjudged cases, such instrument is so vitally uncertain that its enforcement might require the interpolation of material terms

never contemplated by the parties. The view we have taken renders unnecessary any consideration of the alleged questions of fraud involved in its procurement, and the judgment appealed from is reversed, with the direction that the complaint be dismissed.