## CHAMBERS v. ROSELAND.

An instrument, bearing a designated date, signed by R., and reciting, "Received of C. $25 on purchase price of $400, cash value for" land described, R. to furnish a warranty deed, and sale to be completed in 30 days, or the contract shall be forfeited, and C. shall receive $25 commission, whether considered with or without oral testimony offered to explain ambiguities, supply ommissions, and to prevent the divers views of the parties as to what was intended, is uncertain, and will not be specifically enforced at the suit of C.

In the absence of fraud or mistake, extrinsic evidence in aid of a contract to convey real estate is not to supply omissions or cure defects rendering it fatally uncertain as to an element so essential as the names of the contracting parties.

Unless there be such certainty in expression and mutuality of obligation that both parties to the contract have the right of specific performance, neither is entitled to compel performance, and an action to recover damages for a breach is the only remedy.

A contract for the sale of real estate, which stipulates that the purchase price shall be cash, and that the sale shall be completed in 30 days, or the contract shall be forfeited, makes time of the essence and a failure of the purchaser to pay, or offer to pay, the price within 30 days, prevents specific performance of the contract.

(Opinion filed, May 28, 1907.)

Appeal from Circuit Court, Faulk County. Hon. LORING E. GAFFY, Judge.

Action by C. B. Chambers against Martin Roseland. From a judgment for defendant, plaintiff appeals. Affirmed.

*Frank Turner,* for appellant. *J. H. Bottum,* for respondent.

FULLER, P. J. The purpose of this action was to obtain judgment for the specific performance of the following written instrument: "$25.00. Faulkton, Jan. 15, 1902. Received of C. B. Chambers twenty-five dollars on purchase price of $400.00 cash for the N. W. of Sec. 30-117-71; M. Roseland to furnish warrantee deed & clear abstract & sale to be completed in 30 days or this contract is forfeited. C. B. Chambers to receive $25 com. on the same. (Signed) Martin Roseland." Taking the view that the foregoing is a mere option which was forfeited by the failure of plaintiff to pay, or offer to pay, the balance of the $400 purchase price within 30 days, the trial court declined to enforce specific performance, and dismissed the action, with costs adjudged in favor of defendant. While the trial court took a limitless course as to

the admission of testimony without objection upon the record by counsel for either party, it may be presumed, for the purposes of this case, that the court considered only that which was proper evidence and within the issues made by the pleadings.

As the right to the equitable remedy of specific performance depends upon a specific contract, the terms of which are fair and unequivocal, the written instrument made the basis of the action is decisive of this appeal, and it is needless to consider certain clerical inaccuracies contained in a purported copy thereof set out in the findings of fact. Manifestly, it is a poorly drawn paper, and, whether considered with or without the oral testimony introduced to explain ambiguities, supply omissions, and present the diverse views of the parties as to what was intended, there is ample ground for reasonable doubt as to its legal effect. True, the purchase price is fixed at $400 cash, and the receipt of $25 thereof acknowledged by respondent, who undertook the obligation of furnishing a warranty deed and clear abstract of title, so that the transaction might be completed within 30 days from January 15, 1902, but no purchaser or grantee is named in the instrument. The recital that C. B. Chambers is to receive a commission of $25 from some undisclosed party fixes his status as an agent, and that he was such, and acting for Mr. O'Neil as his principal, and the buyer of the land, is shown by the unchallenged testimony of all the witnesses.

In the absence of fraud or mistake, the function of extrinsic evidence in aid of a contract of this character is not to supply omissions or cure defects which render the same fatally uncertain as to an element so essential as the names of the contracting parties whose minds must meet and the use of oral testimony is limited by the general rule applicable to the interpretation of other written instruments. The contract construed in the case of Meyer Land Co. v. Pecor, 18 S. D. 466, 101 N. W. 39, was but slightly more ambiguous and incomplete in its terms than the one before us. In reversing a decree for specific performance, it was there held that in order to be specifically enforceable, the terms of such a contract must be so precise that neither party can reasonably misunderstand them. The settled doctrine of the text-writers and adjudged cases is there stated thus: "It is elementary that the specific per-

formance of a contract is decreed as a matter of favor, rather than a strict legal right, and, if any of its material terms be uncertain, such extraordinary relief in equity must be withheld." Unless there be such certainty in expression and mutuality of obligation that both parties have the right of specific performance, it is elementary that neither is entitled to invoke the aid of a court of equity to compel performance by the other, and an action at law to recover damages for the breach of such a contract appears to be the only remedy.

Assuming, without deciding, that the trial court erroneously concluded that the contract made the basis of this action was no more than a mere option agreement, time being of the essence, the judgment dismissing the action for specific performance must be affirmed, for the reasons herein stated, and it is so ordered.

CORSON, J., not sitting.