## PHELAN v. NEARY.

In a suit to specifically enforce a contract for the sale of land alleged to have been entered into by correspondence, evidence offered by plaintiff of a conversation had with defendant as a result of the letters, and concerning the terms of the sale, is not admissible as tending to show the circumstances surrounding the transaction, and to enable the court to give the proper construction to the letters, where at the time no letters had been introduced in evidence, and no offer made on the part of plaintiff of what he expected to prove.

Oral evidence is not admissible to supply defects in a written contract, which by the statute of frauds is required to be in writing.

In a suit to specifically enforce an agreement for the sale of land, alleged to have been entered into by correspondence, evidence of plaintiff tending to show that he visited defendant as a result of the correspondence, and to show the contract there entered into between them, is inadmissible under Rev. Civ. Code, §§ 1238, 1311, providing that a contract for the sale of real property shall be void unless the contract, or some note or memoranda thereof, be in writing and signed by the party to be charged, or, if made by an agent, the authority of the agent must be in writing.

In a suit to specifically enforce a contract for the sale of land alleged to have been entered into by correspondence, evidence considered, and held to support the court's finding that there was no specific contract of sale in any writing or memoranda signed by defendant, and that there was no writing showing mutual agreement between the parties, or any proposition by the plaintiff which was accepted by the defendant in writing for the purchase and sale of the land, and that there was no agreement as to the price to be paid for the same, and that the offers of the plaintiff contained in his letters to the defendant were never accepted by defendant.

As it is elementary that there can be no contract unless the minds of the parties have met and mutually agreed, specific performance will be denied where this requisite is lacking.

Where, in a suit to specifically enforce a contract for the sale of land, it appears that the amount of the offer of plaintiff was about $550, and the land was worth $1,600 specific performance will be denied under Rev. Civ. Code, § 2345, providing that specific performance cannot be enforced against a party to a contract in any of the following cases: First, if he has not received an adequate consideration for the contract; second, if it is not as to him just and reasonable.

(Opinion filed, June 24, 1908.)

Appeal from Circuit Court, Hyde County. Hon. LYMAN T. BOUCHER, Judge.

Suit by John Phelan against Maggie Neary to specifically enforce a contract for the sale of land. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

M. C. Cunningham (Gaffy & Stephens, of counsel), for appellant. John Pusey and S. V. Ghrist, for respondent.

CORSON, J. This action was instituted by the plaintiff to enforce the specific performance of an alleged contract on the part of the defendant to sell to him a quarter section of land in Hyde county. The complaint is in the usual form, and the defendant by her answer denied all the allegations contained in the same, except the allegation that she is the owner in fee of the premises described in the complaint. Findings and judgment being in favor of the defendant, the plaintiff has appealed.

Practically only three errors are assigned, viz.: (1) That the court erred in excluding and striking out certain evidence on the part of the plaintiff; (2) that the court's second finding is not supported by the evidence and is contrary thereto; (3) that the court's third finding is not supported by the evidence.

At the opening of the trial, the defendant demanded of the plaintiff to produce the agreement alleged in the complaint or a copy of it, to which the attorney for plaintiff replied: "We have no formal contract. * * * It is simply based upon correspondence." Thereupon the plaintiff was called as a witness, and testified as follows: "I had a conversation with this defendant. I received a letter. In accordance with that letter I went to Rock Valley, where the defendant lives, and spoke to her about the matter that she wrote me about. We have been in communication—several letters

—and we came to the conclusion then and there about the sale of her quarter section of land for a certain figure. It was $300. She was to give me a deed to a quarter section of land." This conversation was objected to, and a motion made to strike it out which was granted by the court, to which ruling the plaintiff accepted. Plaintiff's counsel then said to the witness: "Just go on and state the conversation you had with defendant. A. Well, I am stating the conversation. I had already given her some money." This was objected to, and the objection sustained by the court. Counsel again said to the witness: "State the conversation that you had at that time as near as you can in the words in which it was carried on. A. We went over the correspondence between us and letters, and I told her I had already written to her about matters, and I wished to have this matter settled, and she seemed to be anxious to have it settled." This was also stricken out on the motion of defendant's counsel. The witness then proceeded: "I told her that I would be desirous of having a written agreement, and I made a memorandum binding myself to do certain things in regard to the matter, and described the property we mentioned and the figure that would be necessary to have a deed pass between us." This was stricken out on motion by the court. The witness further proceeded in his attempt to give the terms of the contract between himself and the defendant, all of which was excluded by the court.

It is contended by the appellant that this evidence on the part of the plaintiff was competent and admissible, for the reason that it tended to show the circumstances surrounding the transaction, and would enable the court to give a proper construction to the letters subsequently to be introduced in evidence. But at that time no letters had been introduced in evidence, no offer made on the part of the plaintiff of what he expected to prove, and there was therefore nothing before the court that required any interpretation or construction on its part. Hanson v. Red Rock Township, 7 S. D. 38, 63 N. W. 156; Tootle v. Petrie, 8 S. D. 19, 65 N. W. 43. The evidence was also clearly admissible as tending to prove a contract for the sale of lands by oral evidence, and such evidence

is incompetent under sections 1238 and 1311 of the Revised Civil Code of this state, which read as follows:

"Sec. 1238. The following contracts are invalid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be. charged or by his agent: * * * (5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein and such agreement if made by an agent of the party sought to be charged is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

"Sec. 1311. No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or his agent thereunto authorized in writing. * * *"

A contract for the sale of lands must not only be in writing, but must be complete in itself, containing all the terms of the contract. Oral evidence is not admissible to supply defects in a written contract which by the statute of frauds is required to be in writing. Boyd v. Paul, 125 Mo. 9, 28 S. W. 171; Ringer v. Holtzclaw, 112 Mo. 519, 20 S. W. 800. The contract must contain all the terms agreed upon between the parties. Townsend v. Kennedy, 6 S. D. 47, 60 N. W. 164; 1 Greenleaf on Evidence, § 268. In discussing this subject Mr. Greenleaf says: "It is not necessary that the written evidence required by the statute of frauds should be comprised in a single document, nor that it should be drawn up in any particular form. It is sufficient if the contract can be plainly made out, in all its terms, from any writings of the party, or even from his correspondence. But it must all be collected from the writings, verbal testimony not being admissible to supply any defects or omissions in the written evidence; for the policy of the law is to prevent fraud and perjury by taking all the enumerated transactions entirely out of the reach of any verbal testimony whatever." The evidence sought to be elicited from the plaintiff was clearly evidence as to an oral agreement claimed to be entered into between the defendant and the plaintiff, and the court committed no error, therefore, in striking out the same and excluding the further evidence offered as to the terms of the con-

tract. The second finding of fact of the court is as follows: "The court finds that there was no specific contract for the sale of said premises in any writing or memoranda signed by the defendant, and that there was no writing showing the mutual agreement between the parties of any proposition by the plaintiff which was accepted by the defendant in writing for the purchase and sale of said land, and that there was no agreement as to the price to be paid for said premises, and that the offers of the plaintiff for the land contained in his letters to the defendant were never accepted by the defendant." It is contended by the appellant that this finding is not only not supported by the evidence, but is contrary to the same. Upon an examination of the evidence in this case, we are of the opinion that the court's finding is correct, and that no other finding could properly have been made from the evidence. The contract alleged by the plaintiff was sought to be established by a number of letters which passed between the plaintiff and the defendant, but these letters fail to show what the purchase price was to be and assented to by the defendant. It is not shown that the minds of the parties ever met upon the price to be paid, and it is impossible to determine from the correspondence how much the plaintiff was to pay for the property, or what sum the defendant was to receive therefor. No useful purpose would be served by reproducing these letters in this opinion. They are vague and indefinite, and neither the court below nor this court can determine from the letters what the contract was between the parties if there was, in fact, any contract between them. There seems to have been an indebtedness due from the defendant to the plaintiff amounting, according to the testimony of the defendant, to $60 or $70. This apparently was to constitute a part of the consideration for the land. There also appears from the correspondence to have been a mortgage on the land executed by the defendant which the plaintiff agreed to pay off, but what sum the plaintiff was to pay the defendant in addition thereto is left in doubt, as it would seem from plaintiff's letters to the defendant that he expected to pay her $300 and by her letters that she expected $400 net, but the amount never was definitely settled between them.

The law relating to the enforcement of specific contracts is thus stated in 26 Am. & Eng. Enc. of Law, p. 21: "As it is elementary that there can be no contract unless the minds of the parties have met and mutually agreed, specific performance will be denied where this requisite is lacking. Equity requires a clear mutual understanding and a positive assent on the part of each party. So, where it appears from correspondence between the parties that the terms of sale were never in fact agreed upon, the remedy of specific performance will not be applied. An offer must be accepted in the terms and form submitted or there is no valid assent, such as will create a contract which may be specifically enforced, as where a particular proposition was made, but the one accepted differed as to the proportion of cash to be paid. Practically the same rule has found enunciation in other cases in the statement that, in order that specific performance shall be decreed, there must be a complete contract, finally concluded and agreed upon." The law as stated is supported by the great weight of authority, and, though perhaps not necessary, we cite a few of the decisions in support of the same: Kennedy v. Parmele, 3 Neb. 402, 91 N. W. 490; Hackley v. Oakford, 98 Fed. 781, 39 C. C. A. 284; Los Angeles, etc., v. Phillips, 56 Cal. 539; Dixon v. Dixon, 92 Md. 432, 48 Atl. 152; Hall v. Loomis, 63 Mich. 709, 30 N. W. 374; Kayser v. Arnold, 124 N. Y. 674, 27 N. E. 360; Holthouse's Appeal, 12 Atl. 340; Richards Trust Company v. Beach, 17 S. D. 432, 97 N. W. 358; Stearns v. Clapp, 16 S. D. 558, 94 N. W. 430; Johnson v. Plotner, 15 S. D. 154, 87 N. W. 926; Meyer Land Co. v. Pecor, 18 S. D. 466, 101 N. W. 39; Chambers v. Roseland, 21 S. D. 298, 112 N. W. 148. It is quite clear that in the case at bar the correspondence between the parties does not establish a clear and mutual understanding on the part of the respective parties as to the amount to be paid, but, on the contrary, it does appear that the terms of the sale were never in fact agreed upon, and that no definite offer was made by the plaintiff and accepted by the defendant.

The judgment of the court is also clearly right, as the court in its third finding finds "that the amount of the offer of the plaintiff to the defendant for the land, and which is claimed by the plaintiff

as the contract price for the premises, was about the sum of $550, and the court finds that the land at the time of said alleged contract was reasonably worth the sum of $1,600." Section 2345 of our Revised Civil Code provides: "Specific performance cannot be enforced against a party to a contract in any of the following cases: (1) If he has not received an adequate consideration for the contract. (2) If it is not, as to him, just and reasonable." These provisions of our Code embody the old and well-established rule of equity that a court of chancery will not enforce a contract that is inequitable, unjust, or unreasonable as against the party sought to be charged under the contract. Courts of equity have generally held that, in the exercise of their powers in the enforcement of a specific performance of a contract, they exercise a judicial discretion, and whenever it appears that the contract is inequitable, unjust or unreasonable such courts refuse to enter a decree for specific performance. Seymour v. Delancey, 6 Johns, Ch. 222. In Federal Oil Company v. Western Oil Company, 121 Fed. 674, 57 C. C. A. 428, the learned United States Court of Appeals for the Seventh Circuit, in discussing this question, says: "The question, then, arises whether the specific performance of this contract should be enforced in equity. The principles by which courts of equity are guided in respect to the subject are well established. The right to specific performance is not absolute, but rests in judicial discretion—not an arbitrary, capricious discretion; but sound judicial discretion, controlled by established principles of equity, and exercised upon the consideration of all the circumstances of each particular case. The contract must possess certain elements to demand of equity the exercise of its jurisdiction to enforce performance. It must be upon a valuable consideration. It must be mutual in its obligations and in its remedy. It must be perfectly fair, equal, and just in its terms and in its circumstances, and the situation must be such that the remedy of specific performance will not be harsh or oppressive. The contract must be such that the court is able to make an efficient decree for its specific performance, and to enforce the decree when made. Pomeroy's Eq. § 1405." The trial court's conclusion that the consideration in the contract as alleged by the plaintiff and under which he claimed was much below the

real value of the land and grossly inadequate and that, if it was the contract between the parties, it would never be enforced by a court of equity, was clearly right. If the contract was as claimed by the plaintiff, the amount that he was to pay the defendant would not have much exceeded $550, and the court finds upon sufficient evidence that the premises in controversy was of the value of $1,600. The enforcement of such a contract, therefore, as to the defendant would not be either just, equitable, or reasonable.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.