## HUGHES v. PAYNE.

Where a mistake is made in a contract by the omission therefrom of certain terms, a court of equity may reform it, and then specifically enforce it.

Where the reformation of a written contract is sought on the ground of mistake resulting in the omission therefrom of certain terms, parol evidence is admissible to prove the mistake and the omitted terms.

A court of equity may reform a contract for the sale of real estate which shows that the vendor on a specified date agreed to sell to the purchaser land described, and that the vendor received a specified sum on account of the contract, by adding to the terms thereof the price to be paid and the time and manner of making payment, where the same were omitted by mistake.

Fuller, J., dissenting.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, McPherson County. Hon. LYMAN T. BOUCHER, Judge.

Action by E. C. Hughes against W. H. Payne. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*John H. Perry,* for appellant.

Equity will grant relief in cases of mistake in written instruments, to prevent manifest injustice and wrong, and to suppress fraud, it will also grant relief and supply defects, where by mistake the parties have omitted any acts or circumstances necessary to give due validity and effect to written instruments.   1 Story's Equity Jurisprudence, Sec. 166, 261 12th Ed.; Kein v. Lindley, 30 Atl. 1087; Murphy v. Rooney, 45 Cal. 78; Murrey v. Dake, 46 Cal. 645.

*Taubman, Williamson & Herreid,* for respondent.

Unless the essential terms of sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute of frauds, and if the agreement be thus defective it cannot be supplied by parol proof, for that would at once introduce all the mischief which the statute was intended to prevent.   Williams v. Morris, 95 U. S. 444; Townsend v. Kennedy, 6 S. D. 55.

CORSON, J.   This is an appeal by the plaintiff from an order of the circuit court sustaining a demurrer to the complaint.   The action was instituted by the plaintiff to reform a contract and for the specific performance of the same when so reformed.

It is alleged in the complaint: "That on the 5th day of April, 1906, the plaintiff purchased of the defendant, and the defendant agreed to sell and convey to the plaintiff by a good and sufficient warranty deed, the S. E. ¼ of section 30, in town 124 N., range 79 W., in Walworth county, state of South Dakota, for the sum of $12 per acre, which price was mutually agreed on by plaintiff and defendant, and at said time and in pursuance of said agreement the said plaintiff paid to said defendant on the purchase price for said real estate the sum of $300, and the balance of said purchase price was to be paid when defendant delivered to plaintiff a deed conveying said real estate to plaintiff, which deed defendant promised to execute as soon as he could go to Selby to have the same prepared, and would deliver the same to plaintiff within a week from said 5th day of April, 1906.   That at said time said defendant made, signed, and delivered to said plaintiff a receipt in writing, which receipt is in the words and figures as follows:

'Java, S. D., April 5th, 1906. Received of E. C. Hughes three hundred dollars ($300.00), in part payment on S. E. quarter section 30, R. 124-79 in Walworth county, S. Dak. W. H. Payne.' And plaintiff alleges that through mistake, oversight, and inadvertence the purchase price for said real estate was omitted from said receipt, and also through mistake, oversight, and inadvertence said receipt fails to state when deed was to be delivered and the balance of said purchase price paid, and plaintiff demands judgment that said receipt be reformed so as to express the whole transaction as aforesaid alleged. And plaintiff further alleges that ever since said contract was entered into he has been ready, willing, and able to pay the balance of said purchase price to said defendant, and offered to pay said defendant the balance of said purchase price, and ever since said contract was made said defendant has refused to execute and deliver said deed, to the damage of said plaintiff in the sum of $1,000. That plaintiff offers to bring into court the balance of the purchase price for said real estate. Wherefore plaintiff prays judgment that said receipt be reformed to cover the whole transaction as aforesaid alleged, that he have judgment for specific performance of said contract as reformed, and that defendant be compelled to convey said real estate to the plaintiff, upon plaintiff bringing into court the balance of said purchase price, and for such other and further relief in the premises as shall be just and equitable and for the costs and disbursements of this action." The demurrer was interposed upon the ground that the facts stated in the complaint do not constitute a cause of action against the defendant.

It is contended by the appellant that, as the facts stated in the complaint were admitted for the purpose of the demurrer, the plaintiff was entitled to have the contract reformed to correspond with the agreement made between the parties, and to have the same specifically enforced when so reformed. It is contended by the respondent that the contract is void under the statute of frauds, as such contracts are specifically required by statute to be in writing. Sections 1238, 1311, Rev. Civ. Code.

It may be conceded that the alleged contract without being reformed is insufficient to constitute a contract under the statute that

will be specifically enforced, but it seems to be well settled that, when a mistake is made in a contract by the omission therefrom of certain terms of the same, it may be reformed, and, when so reformed, enforced specifically by a court of equity, and such mistake in the contract may be proved by oral evidence. 1 Story's Eq. Juris. (12th Ed.) § 166; Pomeroy on Specific Performance, § 261; Chambers v. Roseland, 21 S. D. 298, 112 N. W. 148; Keisselbrack v. Livingstone, 4 Johns. Ch. (N. Y.) 148; Keim v. Lindley, 30 Atl. 1087; Murphy v. Rooney, 45 Cal. 78; Murray v. Dake, 46 Cal. 645. In the latter case the learned Supreme Court of California held that the general rule that parol testimony is inadmissible to contradict, add to, or vary a written instrument does not exclude parol testimony of fraud or mistake in the execution of the contract, when a reformation of the instrument is sought. For this purpose, the testimony is always admissible, and the only question is whether it establishes such fraud or mistake as will induce a court of equity to interfere and correct the writing. Mr. Pomeroy in the section above cited says: "The doctrine is well settled in the United States that, where the mistake or fraud is such as admits the equitable remedy of reformation, parol evidence may be resorted to by the plaintiff seeking to enforce it, as well as by the defendant seeking to defeat a specific performance." It appears from the allegations of the complaint that on the 5th day of April, 1906, the plaintiff purchased of the defendant, and the defendant agreed to sell and convey to the plaintiff by good and sufficient deed, a quarter section of land described in the complaint for the agreed price of $12 per acre, $300 of which was paid in cash on that day, and the balance was to be paid on the delivery of the deed within one week from the said 5th day of April. It further appears that said respondent signed the written memorandum or receipt set forth in the complaint by which the receipt of $300 is acknowledged in part payment of the land in controversy, but the price for which the land was to be sold, and the time and manner of making the payment of the balance was not specified therein, and the plaintiff alleges that "through mistake, oversight, and inadvertence the purchase price of said real estate was omitted from said receipt and also through mistake, oversight, and inadvertence

said receipt fails to state when said deed was to be delivered and the balance of said purchase price paid." And the appellant demands judgment that said receipt be reformed so as to express the whole transaction as aforesaid, and that the judgment may be entered by the court for specific performance of the contract as so reformed. We are of the opinion that, under the facts alleged, the appellant shows himself entitled to a reformation of the contract and specific enforcement of the same as reformed. While the contract or receipt is exceedingly meager, it contains sufficient to show that the respondent on the day specified agreed to sell to the plaintiff the quarter section of land described in the contract, and that he received $300 on account of said contract. It clearly appears from this receipt who was the party selling and the party purchasing the land and the description of the land contracted to be sold.

There seems to be a clerical error in the description of the land in the use of the letter "R" before "124-79 in Walworth county," when the letter "T" was probably intended. No reference is made to this error in the complaint, and it is not discussed in appellant's brief, but is referred to in the brief of respondent. In view of the fact that it is clearly a clerical error, we do not deem it necessary to further consider it in this opinion. Under the rules established by courts of equity, therefore, it was competent for the court to reform the instrument in such manner as to include the price to be paid and the time and manner of payment, if it should be satisfied that the amount of the purchase price and the time and manner of payment were omitted by mistake or inadvertence.

Of course, the views herein expressed are based entirely upon the assumption that the facts stated in the complaint are true, and so clearly and definitely established as to satisfy the court that the appellant is entitled to have the contract reformed in accordance with the allegations of the complaint.

Taking this view of the complaint, we are of the opinion that the circuit court was in error in sustaining the demurrer, and the order sustaining the same is reversed.

FULLER, J., dissents.