## ATWOOD v. MIKESKA *et ux.*

No. 832.   Opinion Filed May 9, 1911.

Rehearing Denied June 8, 1911.

(116 Pac. 1011.)

**REFORMATION OF INSTRUMENTS—Executory Land Contract.** When, through mistake or accident, from an executory written contract or instrument, founded upon a valid consideration, for the sale of real estate, there was omitted matter intended to have been included, it may be reformed, and its specific performance decreed.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; J. G. Lowe, Judge.*

Action by George Atwood against John P. Mikeska and wife: Judgment for defendants, and plaintiff brings error. Reversed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Fred S. Caldwell (Shartel, Keaton & Wells,* on the brief), for defendants in error.

WILLIAMS, J.   Defendants in error and plaintiff in error, hereinafter referred to respectively as "first party" and "second party," contracted in writing as follows:

"That said first party, being owners of the northeast quarter of section (15) fifteen, township (12) twelve north, range (4) four west of I. M., for and in consideration of the sum of ($5,000) five thousand dollars, to be paid as hereinafter stated, agrees to deliver to the said second party a good and sufficient warranty deed, with a perfect title and abstract, to the above-described land and premises, ($250) two hundred and fifty dollars cash in hand, the receipt of which is hereby acknowledged; ($2,000) to be paid on November 1, 1906, without interest to date; and the remaining ($2,150) twenty-one hundred and fifty dollars to be paid in two installments as follows: $1,075 on November 1, 1907, and $1,075 on November 1, 1908, the two last above-mentioned amounts to bear 7 per cent. interest from November 1, 1906, until paid. The said second party is to have privilege of paying all or part at any time and interest to cease.

The said first party is to hold possession until the maturity of the present crop; to said second party to be granted privilege of entering upon that part of land not occupied with crop to prepare ground and sow the fall crop and make any necessary repairs."

The first party refused to execute and deliver the deed. Whereupon the second party, as plaintiff, commenced suit against the first party as defendants, for the reformation of said contract and its specific performance, alleging: That the second party agreed with defendants, in consideration of the sum of $5,000, to be paid as follows: $250 cash in hand, $2,000 to be paid November 1, 1906, without interest, and the remaining $2,150 in two installments as follows: $1,075 on November 1, 1907, and $1,075 on November 1, 1908, each to bear from November 1, 1906, at the rate of 7 per cent. per annum until paid. And the second party was, out of said purchase price, to pay off a certain mortgage thereon in the sum of $600, and to have the option to pay all or any part of said purchase price at any time, and the defendants were to hold possession until maturity of the then growing crops; the plaintiff to have the privilege of entering upon that part of the land not covered by the crop, in order to prepare for and sow his fall crop and make necessary repairs. That by reason of a mutual mistake and oversight, all of said conditions were not reduced to writing, though it was the intention of both parties that such should be done, and praying the same be reformed, to be in accord with the facts and mutual intention of the parties thereto, and specific performance further to be decreed.

When, through mistake or accident, from an executory contract or instrument for the sale of real estate there has been omitted matter intended to have been included, it may be reformed, and its specific performance decreed. However, as to this point, there is distinct conflict of authorities among the American decisions. The minority of the courts not having full equity jurisdiction hold that a contract within the statute of frauds may not be reformed, so as to extend the contract beyond what its terms import. *Elder v. Elder*, 10 Me. 80, 25 Am. Dec. 205; *Glass v.*

*Hulbert,* 102 Mass. 24, 3 Am. Rep. 418; *Dwight v. Pomeroy,* 17 Mass. 303, 9 Am. Dec. 148. This also seems to be the English view. *Attorney General v. Sitwell,* 5 L. J. Exch. 86, 93 1 Y. & C. Exch. 559. The majority of American courts which have full equity jurisdiction hold that equitable relief by way of reformation may be applied without restriction, because the purpose of the statute was to promote justice and prevent wrong, and not to hinder justice. *Thompson v. Marshall,* 36 Ala. 504, 76 Am. Dec. 328; *Blackburn v. Randolph,* 33 Ark. 119; *Murphy v. Rooney,* 45 Cal. 78; *Morrison v. Collier,* 79 Ind. 417; *Dutch v. Boyd,* 81 Ind. 146; *Moale v. Buchanan,* 11 Gill & J. (Md.) 314; *Smith v. Greeley,* 14 N. H. 378; *Tilton v. Tilton,* 9 N. H. 385; *De Peyster v. Hasbrouck,* 11 N. Y. 582; *Gouvereneur v. Titus,* 6 Paige (N. Y.) 347; *Wiswall v. Hall,* 3 Paige (N .Y.) 313; *Gower v. Sterner,* 2 Whart. (Pa.) 75; *Flagler v. Pleiss,* 3 Rawle (Pa.) 345; *Blodgett v. Hobart,* 18 Vt. 418; 10 Ballard on Law of Real Property (1904) p. 638; 2 Pomeroy's Equity Jurisprudence (2d Ed.) §§ 864, 866; 36 Cyc. p. 925, note 61.

The judgment of the lower court is reversed, with instructions to overrule the demurrer and proceed in accord with this opinion.

All the Justices concur.