HABECK et ux, Respondents v. SAMPSON et ux, Appellants

(202 N.W.2d 868)

(File No. 11040. Opinion filed December 14, 1972)

**Willy, Pruitt, Matthews & Jorgensen, Gene E. Pruitt,** Sioux Falls, for defendants and appellants.

**Danforth, Danforth & Johnson, G. J. Danforth, Jr.,** Sioux Falls, for plaintiffs and respondents.

WOLLMAN, Judge.

This is an appeal from a judgment ordering defendants to convey certain property to plaintiffs. On August 17, 1968 plaintiffs entered into a written Uniform Purchase Agreement prepared by a real estate broker acting on behalf of defendants whereby they agreed to buy Lot 3, Block 3 of Sampson's subdivision of Fauske's addition to Corson, Minnehaha County, South Dakota from defendants,

"* * * subject however, and on condition that the owner thereof has a good and merchantable title, in fee simple,

and said owner or vendor agrees to furnish without delay, abstract of title certified to date of sale, and convey or cause to be conveyed said premises by Warranty Deed, and written option to purchase 2 lots across the street west of this property at a price of $250.00 each, such option to be in effect for a period of 2 years from date hereof."

Defendants accepted the terms of the agreement by signing the instrument.

On October 9, 1968 the sale of the property legally described in the agreement was completed by delivery to plaintiffs by defendants of a warranty deed and abstract to said property. Defendants did not furnish plaintiffs any additional document in the nature of a written option, nor, as far as we can tell from the limited record before us, was any written option ever requested by plaintiffs.

On August 12 or 13, 1970, plaintiffs tendered payment of $500 to defendants and demanded a deed to Lots 3 and 4 of Block 4 of Sampson's subdivision of Fauske's addition to Corson, Minnehaha County, South Dakota. Defendants refused to accept the tender and did not convey the lots to plaintiffs, whereupon this action for specific performance followed. Defendants' answer raised, among other things, the defense of the statute of frauds and contained a denial that defendants had received any notice from plaintiffs with regard to exercising any alleged option.

The evidence at the trial, in addition to the introduction of exhibits, consisted of the testimony of defendant Harold Sampson, who was called as an adverse witness by plaintiffs, the testimony of defendant Edith Sampson that she had signed the purchase agreement, and the testimony of the real estate broker who had prepared the purchase agreement. Plaintiffs did not testify. The testimony of defendant Harold Sampson revealed that he owned a total of five lots lying across the street west of the property that defendants had conveyed to plaintiffs pursuant to the terms of the purchase agreement. We consider it unnecessary at this time to comment on the legal sufficiency of the description in the

purchase agreement or on the effect of negotiations of the parties both prior to and subsequent to the execution of the agreement because of the manner in which the trial court disposed of the case.

Near the end of Mr. Sampson's adverse examination by plaintiffs' attorney, the following exchange occurred:

"Q Well, I want to know why you aren't delivering the title to these two lots to these two people?

A Because I don't want to.

Q You changed your mind, in other words?

A Yes, I changed my mind.

Q That's all that is involved?

A Yes. That's all.

MR. DANFORTH: On the basis of the testimony we move for a judgment.

MR. MATTHEWS: Your Honor, I think the motion by the plaintiff is premature. The defenses set up in the Answer are valid. * * *

THE COURT: This man has just testified that the only thing about this is that he just changed his mind.

MR. MATTHEWS: He may have changed his mind at this time, but in 1968, he may have given them an option.

THE COURT: Well, he gave them an option as far as I'm concerned with this agreement. It was to be in effect for a period of two years. I think that perhaps for the sake of the record that we should probably have Mr. Cotton testify as to what was said before we act on this."

After Mr. Cotton (the real estate agent) had testified, plaintiffs again moved for judgment. In resisting the motion, defendants' attorney outlined the several defenses on which defendants expected to rely. Following further statements by both attorneys, the court stated in substance that under the purchase agreement plaintiffs had an option to buy the two lots directly across the street from the property which they had purchased from defendants and that,

"* * * He (Mr. Sampson) has changed his mind and that is just not a reason for violating an option. I would grant relief in this case.

MR. MATTHEWS: I take it we don't even get a chance to put in our case?

THE COURT: I don't think there's any necessity for it. Mr. Sampson has already put in your case."

We think that the court erred in denying defendants permission to proceed with their case. We think that defendants should have been given the opportunity to establish whatever defenses were available to them by calling their own witnesses.

In view of our holding it is unnecessary for us to consider other alleged errors raised by the assignments of error. The case is reversed and remanded to circuit court for further proceedings in accordance with this opinion.

All the Judges concur.