## STOKES *v.* GREEN *et al.*

1. Under a contract to excavate for and build a foundation of a mill at a specified price, and to set the machinery at a certain price per day, labor performed in excavating and constructing beds for the engine and other machinery is properly charged at the rate prescribed for setting the machinery.

2. Under a contract to build a mill and set the machinery the contractor is entitled to a lien, not only for his own labor, but for labor procured by him to be performed by others in accordance with the terms of the contract.

3. In an action to enforce a mechanic's lien under a contract, it will be presumed on appeal that the trial court had before it sufficient evidence to enable it properly to construe the contract, and that the construction given was correct under the evidence.

4. The mistake of a lien claimant in including in his account items that should have been excluded does not affect his lien when the proper items can be separated from those held to be improper.

(Opinion filed Nov. 19, 1897.)

Appeal from circuit court, Pennington county. Hon. WM. GARDNER, Judge.

Action to foreclose a mechanic's lien. Plaintiff had judgment and defendants Samuel and Martin appeal. Affirmed.

The facts are stated in the opinion.

*Temple and Gardner*, for appellants.

*Smith & Brown* and *J. W. Fowler*, for respondent.

The validity of the lien was not affected by the inclusion, through mistake, of certain items disallowed by the court, such

items being easily separable from the proper items. North v. LaFlesh (Wis.), 41 N. W. 633; Dennis v. Smith (Minn.), 38 N. W. 695; McMonagle v. Wilson (Mich.), 61 N. W. 496.

CORSON, P. J. This was an action to foreclose a mechanic's lien. The case was tried by the court without a jury, judgment was rendered in favor of the plaintiff, and from this judgment the defendants Samuel and Martin appeal. The only questions presented by the assignment of errors are that the complaint and findings do not support the judgment, and that there is a fatal variance between the complaint and findings of fact.

The proposal accepted, constituting the contract relied on, is as follows: ''Mr. Ed. E. Samuels, Chicago, Ill.—Dear Sir: I will complete the foundation for your mill site, including the moving of all earth and rock, well ditch and boxing, and bringing water into the mill, for $200.00. I will also put up and complete the mill in a substantial manner, including all manner of expense necessary with the material furnished me on the ground for $25.00 per thousand measured lumber after completion. For setting the machinery I will charge $5.00 per day. The mill is to be completed and entire, and the keys turned over to you, not later than six months from this date, ready for catching gold on the plates. Yours, truly, [Signed] C. A. Stokes.'' ''Accepted: [Signed] Ed. E. Samuels.''

The court found that the contract was made by Samuel on behalf of himself and Martin, and further found as follows: ''(2) That, pursuant to said contract, the plaintiff performed and caused to be performed for said defendants, Ed. E. Samuel and J. M. Martin, between the 18th day of January, 1895, and the 3d day of May, 1895, the following work and labor, to wit: Labor on lumber put in mill, measured after completion, 59,394 feet, at $25 per thousand, $1,484,85. Grading foundation, etc., for mill, $200. 39 days' labor personally performed by Chas. A. Stokes setting machinery in mill, at $5 per day, $195, 14¾

days' labor performed by Wentworth Rice, setting machinery in mill at $5 per day, $73.75. 98½ days' labor procured by plaintiff to be performed in excavating beds for engine, boiler, grinder, and other machinery in said mill, blacksmith work, and attending masons, setting machinery in mill, and mixing mortar, at $2.50 per day, $246.25. 10 days' work by A. C. Swilley for making frames, etc., for machinery placed in said mill, and placing machinery in mill, at $3 per day, $30." The contention of appellants is that the last three items are not within the terms of the contract, for the reason that the grading of the foundations for the machinery was included in the $200 item, and the respondent was only entitled to a lien for his own personal services. The trial court evidently took a different view, and we are inclined to the opinion that it was fully justified in so doing. The grading for the foundation for the mill site did not necessarily include the beds or foundations for the machinery. A court would be required to give the terms of the contract a very strained construction to include within them the foundations for the machinery, such foundations not being specified in the contract. These foundations would more properly constitute a part of the placing of the machinery. The contention that respondent could only enforce a lien for his personal services in setting the machinery is equally untenable. It cannot be presumed that appellants contemplated that respondent would personally do the work of grading and preparing the foundations for the machinery, or set the machinery of a quartz mill, without the aid of assistants; and, having made no provisions for the foundations or assistants, it would seem that appellants intended that respondent should cause this work to be done, and these assistants to be employed. It appears quite clear from the terms of the contract that appellants were to furnish the material for the mill and the machinery, and that the work required should be supplied by respondent. This is apparent from the clause in the contract in which respondent agrees to complete the mill within six months, and

turn over the keys to appellants. This stipulation shows that respondent was to have exclusive possession of the mill property until the contract was completed. Under the provisions of our Code, stipulations are implied when necessary to make a reasonable contract. Comp. Laws, § 3570. This section reads as follows: "Stipulations which are necessary to make a contract reasonable, or conformable to usage, are implied in respect to matters concerning which the contract manifests no contrary intention." Certainly in the absence of any provisions in the contract as to the foundations for the machinery and assistants in placing the machinery, stipulations to the effect that respondent should cause the necessary foundations to be prepared, and the necessary assistants required in placing the machinery to be employed, and that respondent should have a lien for the same, may reasonably be implied. But, should there be any serious doubt as to the construction to be given this contract, independently of evidence as to the circumstances under which it was made (section 3562, Comp. Laws), this court will presume that the trial court had before it sufficient evidence to enable it to properly construe the contract, and that the construction given to it was correct under the evidence. Every reasonable presumption is indulged by an appellate court to sustain the judgment and findings of the trial court. Kent v. Insurance Co., 2 S. D. 300, 50 N. W. 85; Cole v. Association, 3 S. D. 272, 52 N. W. 1086; Evans v. Bradley, 4 S. D. 83, 55 N. W. 721; Fitzgerald v. Brandt (Neb.) 54 N. W. 992.

Appellants further contend that the plaintiff lost his lien by reason of including items not proper in his claim of lien. This contention is not tenable. The mistake of a lien claimant in including in his account items that should have been excluded does not affect his lien when the proper items can be separated from the improper ones. Lamont v. La Fevre (Mich.) 55 N. W. 687; McMonagle v. Wilson (Mich.) 61 N. W. 495; Dennis v. Smith (Minn.) 38 N. W. 695; North v. La Flesh (Wis.) 41 N. W. 633. In this case the items for which the plaintiff was en-

titled to a lien as found by the court were easily separated from those held by the court not to be included in the contract. Finding no error in the record, the judgment of the trial court is affirmed.