## GRIMSRUD SHOE CO. v. JACKSON.

Where defendant wrote plaintiff's attorney that he would pay an account if another O. K.'d it, the correctness of the account was sufficiently proved by proof of the O. K.

Under Rev. Civ. Code, § 1232, subd. 2, providing that a written nnstrument is presumptive evidence of a consideration, in a suit on an account which defendant agreed in writing to pay, the written agreement raises a presumption of sufficient consideration therefor.

The burden of showing want of consideration sufficient to support a written instrument is upon him seeking to invalidate the instrument.

An acceptance of a promise to pay another's account on condition that the claim be paid at once is an acceptance in the terms proposed, the law implying that the claim should be paid immediately upon acceptance of the promise.

Under Rev. Civ. Code, § 1256, providing that a contract may be explained by reference to the circumstances in which it was made, and the matter to which it relates, in an action on a promise to pay another's account, plaintiff could show a contract between the debtor and his vendee relating to the sale of the debtor's business, in which defendant agreed to protect the vendee against the debtor's creditors, and a contract between the debtor and defendant by which the debtor transferred bills receivable to defendant, who agreed to collect them and pay the debtor's debts.

Under Rev. Civ Code § 1973, making a promise to answer for another's obligation an "original obligation," where the promise is made by one who has received property upon an undertaking to apply it pursuant to such promise, etc., an agreement to pay another's account is an original contract, and not a guaranty, where the debtor has turned his bills receivable, etc., to the promisor, on his agreement to pay the debtor's debts.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Spink County. Hon CHAS. S. WHITING, Judge.

Action by the Grimsrud Shoe Company against R. Jackson. From a judgment for defendant, plaintiff appeals. Reversed.

*Wm. Issenhuth,* for appellant.

Where a person by word or conduct voluntarily induces another to act on a belief in the existence of a certain state of facts, he will be estopped as against him to allege a different state of facts. Am. and Eng. Enc. of Law (1st Ed.), Vol. 7, 19. Where there is any evidence, however slight, tending to support a material issue, the case must go to the jury, they are the exclusive judges of the weight of the evidence. Thompson on Trials, Section 2246 and citations. Am. and Eng. Enc. of Law (1st Ed.), Vol. 21, 851; Bright v. Ecker, 9 S. D. 192; Haugan v. C. M. & St. P. Ry. Co., 3 S. D. 394. A written instrument is presumptive evidence of a consideration. Hefferman v. Pennington Co., 3 S. D. 168; Corbett v. Clough, 8 S. D. 176; McGlynn v. Scott, 4 N. D. 18; Gira et al. v. Harris, 14 S. D. 537; First National Bank of Fargo v. Red River National Bank, 9 N. D. 319. The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate it. Hermeston v. Green, 11 S. D. 81; Smith v. Gale, 13 S. D. 162; Western Twine Co. v. Wright, 11 S. D. 521; Fraley v. Dentley, 1 Dak. 25.

*Bruell & Morris,* for respondent.

Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms with that obligation a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation. Section 1971, Civil Code. The claim against a surety is strictissimi

juris; and to render the grantor liable it is incumbent on those who claim the benefit of the guaranty to show that its terms have been strictly complied with.     Fellows v. Prentice, 45 Am. Dec. 486.     It is essential to a valid contract of guaranty that there be a sufficient legal consideration distinct from that of the original obligation, and that the mere naked promise in writing to pay the existing debt of another without any consideration therefor is void.  Cyc., Vol. 20, Page 1413; Cowles v. Pick, 10 Atl., 569; Wood v. Atl., etc. 42 S. E., 462; Granger v Bourn, 7 Pac., 760; Butler v. Edgerton, 15 Ind., 15; McDermott v. Hallock, 69 Pac., 335; Worcester Mechanics Bank v. Hill, 113 Mass., 25; Klosterman v. Olcott, 41 N. W., 250; Union Bank v. Coster, 3 N. Y., 203.     The statutory presumption of consideration arising from the fact that a contract is in writing, does not apply to a written guarantee so as to take it out of the statute of frauds where it fails to express consideration.     Ency. of Ev., Page 285; Rigby v. Norwood, 34 Ala., 129.

CORSON, J.     This is an appeal by the plaintiff from a judgment entered upon directed verdict in favor of the defendant.     The action was institutel by the plaintiff to recover of the defendant the sum of $338.59 claimed to be due the plaintiff from the defendant, together with interest.     The plaintiff alleges in his complaint, in substance, that the plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Minnesota, and has complied with the laws of this state relating o foreign corporations; that during the year 1905 and part of the month of January, 1906, one Elmer Stevenson was engaged in operating a general merchandise business in the city of Redfield in this state; that said Elmer Stevenson obtained and acquired said stock of goods originally from or through said defendant, and that said defendant was financially interested in said general merhcandise business with said Stevenson; that on or about the 1st day of September, 1905, said Stevenson purchased from said plaintiff goods, wares, and merchandise of the agreed price and value of $338.59, and that said goods and merchandise was made a part of the said stock used by said Stevenson in conducting said business; that on the 19th day of January, 1906, said defendant agreed in writing

to pay the plaintiff the said sum if said Stevenson did certify to the correctness of the same; that said Stevenson did certify to the correctness of said indebtedness in writing, and the same was then again presented to said defendant for payment, but that payment of the same was refused; that the agreement on the part of the said defendant to pay said indebtedness was for a valuable, adequate, and sufficient consideration; that on or about the 15th day, of January, 1906, said defendant came to Redfield from Clay county, where he then had his home, and found a purchaser for said stock of goods, wares and merchandise, and sold the same to one T. E. Doyon; that said defendant in writing guaranteed to the said Doyon the title of all said goods, wares, and merchandise and the peaceable possession of the same; that Doyon paid over to said defendant the purchase price of said entire stock of goods; that on or about the 15th day of January, 1906, said defendant entered into an agreement in writing with said Stevenson wherein said defendant agreed with said Stevenson that he would settle and pay all obligations, debts, and claims then owing by said Stevenson, and that in consideration of said agreement said Stevenson assigned and turned over to defendant all accounts and obligations due to the said Stevenson on account of said business, as well as the entire stock of merchandise sold by said defendant to said Doyon; that nearly all of said accounts have been collected, but the said defendant has refused to pay plaintiffs claim, or any part of the same, and the plaintiff demands judgment for the said sum of $338.59, with interest and costs of· this action. The defendant in his answer denies many of the allegations of the complaint, and alleges that the defendant was an ·old acquaintance of said Stevenson, who was at that time indebted to him in the sum of about $1,200, and that the defendant assisted said Stevenson to find a purchaser for said stock, and assisted him in making the sale thereof, which was completed on or about January 17, 1906, and that in assisting said Stevenson in the sale of said stock of goods he was acting as agent of said Stevenson; admits that he wrote a letter to William Issenhuth, attorney for the plaintiff, in reference to said claim, but denies that he promised to pay the same, and that any alleged promise made in said letter was wholly without

consideration. He further alleges that he has never been paid the $1,200 due him from said Stevenson. The defendant in his answer interposes various other defenses, which we do not deem it necessary to set out in this opinion. A demurrer was interposed to the complaint, which was overruled, and when the case was called for trial the defendant objected to any evidence being introduced under the complaint, for the reason that there was a defect of parties defendant, and that there was a misjoinder of the causes of action. This objection was overruled by the court.

On the trial the plaintiff introduced in evidence a telegram from the Commercial Law & Adjustment Company of Minneapolis requesting the attorney Issenhuth to secure the said claim against said Stevenson; that thereupon said Issenhuth wrote to the defendant under date of January 18, 1906, at Wakonda, S. D., informing him that he had a claim against Stevenson, and requested the defendant to pay the same; that thereafter on January 19, 1906, the defendant in reply thereto wrote to said attorney the following letter: "Wakonda, S. D. Jan. 19th, 1906. Wm. Issenhuth, Esq., Redfield, S. D.—Dear Sir: I have yours of yesterday notifying me of bill Grimsrud Shoe Co. v. Elmer Stevenson. Have Mr. Stevenson O. K. the bill if it is correct, and I will send you draft. Pou understand that I have guaranteed the stock to Mr. Doyon as against bills owing by Mr. Stevenson on the stock, and there is no need of you making any costs or trouble to Mr. Doyon. Get the claims passed on by Mr. Stevenson, so that I know the correct amount to pay, and they will be paid. I am very truly yours, R. Jackson." On the 24th day of January the attorney forwarded to the defendant a letter with the account, the material parts of which are as follows: "Your favor of he 19th inst, was duly received. To-day I succeeded in getting Mr. Stevenson to approve the claim of Grimsrud Shoe Company for $338.59. The company had added a little interest, which run the amount up to $340.54; but we will accept $338.59 as payment in full of this claim, provided we receive remittance at once. I also inclose herewith the claim of Kuh Bros., of Sioux Falls for brooms, amounting to $17.50. Please include this amount in your remittance, and I will send you receipts for both." On January 26th the defendant wrote to the attorney as

follows: "Wakonda, S. D. Jan. 26th, 1906. Wm. Issenhuth, Esq., Redfield, S. D.—Dear Sir: I return the two Stevenson collections. These are to be paid out of the business that Mr. Stevenson turned over, and there is quite an amount due in the hands of Bruell & Morris that will go to pay bills against the stock. I am not paying these bills, you understand, myself, only looking after them for Mr. Stevenson, and I think he will have enough to pay all there is against the stock. I am very truly yours, R. Jackson. The United Jewelers' manufacturing claim is not due yet, and will be taken care of as they mature." On the 27th day of January the attorney wrote the defendant as follows: "I want you to send money by return mail for Grimsrud bill $338.59 and $17.50 for the broom bill, and I will send you receipts. You promised particularly to pay the first bill, and I have relied upon same. * * * Bruell & Morris do not give me any satisfaction whatever. * * * At any rate I cannot hold them for the payment, but I can hold you, and I want it paid at once. We did not undertake to do anything towards recovering the shoes on account of your promise. Awaiting remittance by return mail, I beg to remain, very truly yours, Wm. Issenhuth."

Plaintiff also introduced in evidence an agreement made and entered into between Elmer Stevenson, party of the first part, and Doyon, party of the second part, bearing date of January 11, 1906, relating to the sale of the stock of goods sold by Stevenson to said Doyon, to which was added the following guaranty by the defendant "I, R. Jackson, for and in consideration of the above sale duly made, do hereby guarantee to protect and defend the said second party, T. E. Doyon, in the full enjoyment and possession of said stock of merchandise and fixtures, against any and all creditors of said party of the first part. Dated this 12th day of January, 1906. R. Jackson."

Plaintiff also offered in evidence two checks made payable to Elmer Stevenson, one bearing date of January 12th for $2,000, and one bearing date of January 17th, for $3,108.73, and signed by T. E. Doyon, which were indorsed by said Stevenson, and paid by the bank of Redfield.

The plaintiff also introduced in evidence an agreement entered

into on the 17th day of January, 1906, between said Stevenson as the first party and the defendant Jackson as the second party, by which all the book accounts, bills receivable, etc., were transferred by said Elmer to the said defendant in which it was stipulated as follows: "Said second party is to collect said bills receivable and pay any indebtedness of the party of the first part due various persons for goods, merchandise, or any other indebtedness connected or incurred by said first party in connection with his mercantile business, said second party to pay all of said claims and to protect said first party from the same. * * * And it is further understood and agreed by and between said parties that after the payment of all claims against said first party shall have been made and all claims settled in full, then any amount or balance left or received either from the sale of said stock of merchandise or from the collection of said bills receivable shall be applied upon the account of second party against first party."

It may be proper to remark that all of the exhibits except the letter of the defendant bearing date of January 19th was admitted in evidence over the objection of the defendant's counsel. It is disclosed by the evidence, in addition to the exhibits herein before referred to, that the defendant came from Wakonda to Redfield and there took an active part in disposing of the stock of goods and merchandise to Doyon, and, as above stated, although the contract was executed by Stevenson, it was guaranteed by the defendant.

At the conclusion of the plaintiff's evidence the defendant moved the court to instruct the jury to return a verdict for the defendant on the following grounds: (1) Because the plaintiff has failed to prove a cause of action against the defendant; (2) because the plaintiff has failed to prove or establish the fact that any claim was due plaintiff from either the defendant or Elmer Stevenson; (3) because the plaintiff has failed to establish a guaranty; (4) because there has been no consideration shown for said alleged guaranty, and, if there was any guaranty, the same must be held void; (5) because the plaintiff has failed to establish or prove the fact that there was any acceptance on the part of the plaintiff of any alleged guaranty; (6) that the undisputed evidence shows that the alleged claim on which the action was brought has not been ex-

tinguished as against the said Stevenson, and that niether Stevenson nor the defendant has received any consideration or benefit from said alleged guaranty; (7) that, if there was any alleged guaranty, the terms of the same have never been accepted by the plaintiff, and have not been complied-with by the plaintiff. This motion was granted by the court, which seems to have taken the view that the action was entirely upon the guaranty of the defendant, and that no consideration had been shown for the guaranty; that the guaranty was not unconditionally accepted, but that in the letter of acceptance new conditions were imposed; that there was not any competent evidence of the amount of indebtedness due from Stevenson to the plaintiff. In this view we think the learned circuit court erred.

It is contended by the appellant that the correctness of the account was sufficiently proved by the O. K. of Stevenson; that the agreement to pay the amount claimed. by the plaintiff was in writing, and therefore sufficient consideration will be presumed; that the terms were substantially accepted as made by the defendant, as the words "provided we receive the remittance at once" would be implied by the terms of the promise. We are of the opinion that this contention on the part of the appellant is correct. It will be noticed that in the letter written by he defendant on January 19th he says: "Have Mr. Stevenson O. K. the bill, and if it is correct I will send you draft.   *   *   *   Get claims passed on by Mr. Stevenson, so that I know the correct amount to pay, and they will be paid." Clearly by the terms of this letter all that the defendant required as proof of the correctness of the account was the O. K. of Stevenson, and this, as we have seen, was obtained by the attorney for the plaintiff. It is provided by subdivision 2 of section 1232 of the Revised Civil Code that "a written instrument is presumptive evidence of a consideration." This subdivision has been construed in a number of decisions by this court. Hefferman v. Pennington Co., 3 S. D. 168, 52 N. W. 851; Corbett v. Clough, 8 S. D. 176, 65 N. W. 1074; McGlynn v. Scott, 4 N. D. 18, 58 N. W. 460; Gira et al. v. Harris, 14 S. D. 537, 86 N. W. 624; First National Banks of Fargo v. Red River National Bank, 9. N. D. 319, 83 N. W. 221. The contention of respondent,

therefore, that proof of a further consideration was necessary is not tenable. It will be observed that the subdivision of the Code above quoted is not limited to any particular written instrument, but is applicable to all, and this court would not be authorized to interpolate any exception into the provisions of this section. The burden of showing the want of consideration sufficient to support a written instrument lies with the party seeking to invalidate it. Hermiston v. Green, 11 S. D. 81, 75 N. W. 819; Smith v. Gale, 13 S. D. 162, 82 N. W. 385; Western Twine Company v. Wright, 11 S. D. 521, 78 N. W. 942, 44 L. R. A. 438; Fraley v. Dentley, 1 Dak. 25, 46 N. W. 506. The contention of counsel for respondent that the guaranty was not accepted in the terms proposed is clearly untenable, as the law would imply that the claim was to be paid immediately upon the acceptance of the promise.

It is further contended by the respondent that the two contracts, the one between Stevenson and Doyon, guaranteed by the defendant, and the contract between Stevenson and the defendant, were not admissible in evidence as against the defendant in this action, and the court, in granting the motion for the direction of a verdict, seems to have taken that view; but we are of the opinion that the contracts were clearly admissible for the purpose of properly construing the defendant's alleged guaranty and the relations existing between the defendant and Stevenson. Section 1256, Rev. Civ. Code, provides: "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." Pearson v. Post, 2 Dak. 248, 9 N. W. 684; Blood v. El. Co., 1 S. D. 76, 45 N. W. 200; Stokes v. Green, 10 S. D. 289, 73 N. W. 100; Osborne v. Stringham, 1 S. D. 412, 47 N. W. 408; Osborne v. Stringham, 4 S. D. 598, 57 N. W. 776; Miller v. Way, 5 S. D. 472, 59 N. W. 467; Frost v. Williams, 2 S. D. 461, 50 N. W. 964. As it will be observed, the defendant by his guaranty to the contract between Stevenson and Doyon bound himself to save Doyon harmless from all indebtedness against Stevenson, and that in the contract between Stevenson and himself he bound himself to pay all the debts contracted by Stevenson on account of this stock of goods absolutely. The learned circuit court evidently took the view that the contract contained in the

defendant's letter of January 19th constituted a contract of guaranty, and we have thus far assumed in this opinion that such was the fact; but, in our opinion, the agreement of the defendant as contained in that letter was an original contract on the part of the defendant to pay an indebtedness which he was bound to pay under his contract with Stevenson, and that the promise made was for the payment of his own debts, and not in the nature of a guaranty. By the contract between Stevenson and the defendant it will be noticed that Stevenson turned over to the defendant all of his book accounts, bills receivable, etc., and all the balance of the money, and that the defendants received the same, and stipulated as a consideration therefor that he would pay all the indebtedness of said Stevenson contracted on account of said mercantile business so conducted by him.  In agreeing, therefore, to pay the claim of the plaintiff, the defendant was simply contracting to discharge his own obligation, and such a promise under the provisions of section 1973, Rev. Civ. Code, is declared to be an original obligation of the promisor.

Taking either view of the letter, therefore, the plaintiff, upon the evidence introduced uncontradicted, was clearly entitled to a verdict in its favor, and the court, therefore, was not authorized to take the case from the jury and direct a verdict in favor of the defendant.  Many questions are discussed by the defendant's counsel, and many authorities cited, which, in the view we have taken of the case, do not require special discussion, but they have been fully considered by this court.

The judgment of the circuit court and order denying a new trial are reversed.