ERICSON, Respondent, v. EBSEN, Appellant.

(216 N. W. 860.)

(File No. 6159.   Opinion filed December 20, 1927.)

A. B. Carlson, of Canton, for Appellant.

Claude A. Bennett, of Canton, for Respondent.

MORIARTY, C.   The respondent began this action to recover the sum of $300 which he claimed to be due him from the appellant for services as a real estate broker.

The complaint sets forth two causes of action. The statement of the first cause of action is that the defendant employed the plaintiff to find a purchaser for certain lots owned by the defendant; that defendant agreed to take $2,000 for the lots, and to allow plaintiff as his commission all that he could procure for the lots in excess of said sum of $2,000. And plaintiff alleged that he found a purchaser who was ready, willing, and able to buy said lots at a price of $2,200, and brought said purchaser to the defendant, and that defendant thereafter refused to convey the lots to said purchaser at said price of $2,200.

For a second cause of action the plaintiff alleged that, at a date subsequent to that involved in the first cause of action, defendant again employed the plaintiff to find a purchaser for the same lots at a price of $4,000, and that plaintiff should have a reasonable commission for finding a purchaser at said price. And the plaintiff secured a purchaser to whom defendant sold the lots at a price of $4,000, and that five per cent on the sale price was the usual and customary commission for such services. And the plaintiff alleges that defendant has paid plaintiff $100 to apply upon the commission due for services set forth in his second cause of action, but has failed and refused to pay any more thereon.

The defendant, as his defense to the plaintiff's first cause of action, alleges that he authorized the plaintiff to secure a buyer for the lots, at the time mentioned in the statement of said first cause of action, but that the authorization was limited to the securing of a purchaser who would not use the property for any business that would compete with defendant's garage business, situated across the street from said property, and that the only purchaser secured by plaintiff at that time was one who wished to secure title to the property for the establishing thereon of a filling station which would compete with defendant's said garage.

As an answer to plaintiff's second cause of action, defendant denies that plaintiff secured a buyer for the lots upon the terms authorized by defendant; that plaintiff did secure a buyer on terms different from those authorized by defendant; and that, to avoid litigation, the defendant paid plaintiff $100 as settlement in full for said services, and that said payment was accepted by plaintiff as full settlement for such services.

The case was tried to a jury, which returned a verdict for

the plaintiff in the sum of $200. From the judgment entered upon said verdict, and from an order denying a new trial, the defendant has appealed. The assignments of error raise no question, except that of the sufficiency of the evidence to support the verdict.

Appellant's counsel says in his argument that the amount of the verdict shows that the jury found for the defendant upon the first cause of action. This contention appears to be sound, for only $100 was claimed upon the second cause of action, and any recovery upon the first cause must be for $200, as no recovery could be had upon that cause, except upon the theory that there was a specific contract which would support a verdict for that amount, and for no other. Therefore the sole question to be considered on this appeal is whether the evidence presented in support of plaintiff's first cause of action will support the verdict rendered.

The evidence is somewhat conflicting; therefore the verdict of the jury will not be disturbed, if there is substantial evidence to support it.

Appellant's principal contention is that respondent cannot recover from appellant upon the contract pleaded, where no actual sale was completed. He contends that the contract shown by the evidence was one to allow the broker to sell the lots, and that it did not entitle him to any commission from appellant, but to hold, as his commission, the purchaser's money, in excess of $2,000, and that, as the purchaser's money was returned and no sale made, there is no liability on appellant's part.

The decisions of this court hold against this contention. Lichty v. Daggett, 23 S. D. 380, 121 N. W. 862; Lewis v. Jones, 43 S. D. 282, 178 N. W. 1001; Ballou v. Carter, 30 S. D. 11, 137 N. W. 603.

Where a broker has been employed to find a purchaser for property, and has found and produced to the owner a purchaser ready, able and willing to purchase on the terms of the listing, the broker has earned the agreed compensation. After such purchaser has been secured, the refusal of the owner to complete the sale cannot deprive the broker of his right to compensation according to the terms of his contract of employment. Tilden v. Smith, 24 S. D. 576, 124 N. W. 841; 23 Am. & Eng. Enc. of Law, 919; Scott v. Clark, 3 S. D. 486, 54 N. W. 538; Lund v. Bapp, 25 S. D.

439, 127 N. W. 548; Huntemer c. Arent, 16 S. D. 465, 93 N. W. 653; 9 C. J. 597.

Appellant's counsel strenuously contends that the contract between the parties was such that the respondent was to get his compensation from the purchaser, and that any right of action against the appellant would be for damages for a breach of the contract, and not for compensation under the terms of the contract. In this contention the counsel is in error. As held by the authorities above cited, the respondent had fully performed under the terms of the contract when he had produced the purchaser, and he was then entitled to the compensation provided for by the terms of the contract. He had no means of recovering from the purchaser after the appellant refused to complete the sale, and his proper remedy was a suit for the compensation provided for by the contract.

In finding for the plaintiff, the jury found that the nature of the listing contract was as alleged in the complaint, and, as there is substantial evidence to support that verdict, this court will not disturb the verdict.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.

CAMPBELL, P. J., concurs in result.