THE BEVERAGE CO., Respondent v. THE VILLA MARIE CO., Appellant

(13 N. W.2d 670.)

(File No. 8641. Opinion filed March 22, 1944.)

Rehearing Denied April 4, 1944.

**B. O. Stordahl** and **R. G. May,** both of Sioux Falls, for Appellant.

**Bielski, Elliott & McQuillen, R. A. Bielski,** and **O. T. Lewis,** all of Sioux Falls, for Respondent.

SMITH, J. The central question involved in this appeal from a judgment foreclosing a note and chattel mortgage is whether the instruments were tainted with illegality. We consider the case under appropriate assignments challenging the sufficiency of the findings to support the conclusions and judgment.

The facts found by the court may be epitomized as follows: While one Jarvis was engaged at Sioux Falls, South Dakota, in the business of selling beer at wholesale, he sold and delivered to defendant corporation various saloon fixtures to enable it to engage in the sale of intoxicating liquors at retail. In settlement for this saloon equipment Jarvis took a promissory note secured by a chattel mortgage on the saloon equipment and fixtures of defendant corporation in which his attorney was named as payee and mortgagee. Thereafter, when said promissory note was past due, the note and mortgage were assigned to the plaintiff corporation, together with all of the property and accounts receivable of the said wholesale business of Jarvis. At the time of this assignment plaintiff was not informed of the circumstances surrounding the inception of the instruments so assigned. Included in the accounts receivable so assigned was an account of defendant of $688 for beer. At a time when there was $2,350 principal due on the above-described promissory note and $688 on the beer account, plaintiff accepted in payment thereof $344 in cash, and a promissory note for $2,350 payable in installments, secured by a chattel mortgage on defendant's saloon fixtures and equipment. This action was brought to foreclose this last described note and mortgage, and resulted in judgment for plaintiff.

■ That the consideration for the original note and mortgage to Jarvis' attorney was illegal, and that those instruments were unenforceable, is settled and was never open to debate. SDC 5.0118 reads as follows:

"Excepting only bulk containers and packages, no manufacturer or wholesaler shall, directly or indirectly, supply, furnish, lease, give, or pay for any furniture, fixtures, fittings, or equipment of any kind or description for use,

directly or indirectly, on or about, or in connection with, the premises of any retailer of beer, whether high point or non-intoxicating, in the handling, sale, or distribution of such beer; or take any chattel mortgage or conditional sales contract as to any such property; or pay or furnish money for any license fees or taxes payable by any such retailer; or be otherwise financially interested in the business of any such retailer other than by reason of sales to such retailer. No such retailer shall be a party to any violation of the provisions of this section."

By SDC 5.9907 the violation of the foregoing section is made a misdemeanor. Thus the intention of the legislature to prohibit the bargain from which that note and mortgage arose and the illegality and unenforceability of those instruments is made manifest. Johnson v. Berry, 20 S. D. 133, 104 N. W. 1114, 1 L. R. A., N. S., 1159; Norbeck & Nicholson Co. v. State, 32 S. D. 189, 142 N. W. 847, Ann. Cas. 1916A, 229; 17 C. J. S., Contracts, § 202, p. 557; 12 Am. Jur. 656. And see Annotation 136 A. L. R. 1238.

■■ Whether the defense of illegality is available as against a holder in due course need not be considered. The findings reveal that plaintiff took the paper when it · was past due. It was not a holder in due course. Rowe v. Scott et al., 28 S. D. 145, 132 N. W. 695; Security Holding Co. v. Johnson, 57 S. D. 163, 231 N. W. 536; SDC 46.0402. Illegality is a defense against the enforcement of an instrument as against one not a holder in due course. 7 Am. Jur. 957.

The validity and application of the foregoing principles are not seriously questioned by respondent. Its ultimate contention is that the instruments upon which the judgment below is founded constitute new contracts based upon a new consideration, viz., the settlement of a valid open account and a cancellation or compromise of the former illegal note and mortgage. According to respondent, the illegal taint of the original bargain did not survive and persist in the note and mortgage delivered in the settlement of the two items.

■ We cannot fail to see that although the two claims, one of which was valid and the other illegal, were dealt with in the described transaction that the resulting new or substituted promise was to pay all or the principal part of the illegal consideration. In the light of similar facts the Supreme Court of California said:

"It would seem to necessarily be the case under this well-settled rule that no action of the parties or their assignees can so validate an illegal contract, as to justify a court in enforcing it, where its illegality appears. An attempted compromise of a claim based on such a contract, whether before or after institution of action thereon, would be simply an act of the parties, looking to the complete or partial ratification of the illegal contract, and which could in no way affect the power of the court to refuse to allow itself to be used as the instrument for its enforcement. * * * It would furnish an easy method by which the parties to an illegal contract might, by their mere stipulation, validate the same, and make it compulsory upon the courts to thereafter enforce it, although its illegality was clearly made to appear. This cannot be the law. A court will not thus allow itself to be made, as has been said, 'the handmaid of inequity.' " Union Collection Co. v. Buchman, 150 Cal. 159, 88 P. 708, 711, 9 L. R. A., N. S., 568, 119 Am. St. Rep. 164, 11 Ann. Cas. 609.

And see Annotations 9 L. R. A., N. S., 568 and 11 Ann. Cas. 612.

■ The principle is thus stated by Williston, Contracts § 1629 (see pocket supplement):

"If the original contract is illegal, a claim thereon has no color of right and forbearance to sue upon or surrender of it does not constitute sufficient consideration for a subsequent agreement. In other words, a promise to do anything as a compromise or satisfaction of an illegal bargain is itself illegal. Were the rule otherwise, the parties could by their private agreement waive the illegality and evade the prohibition against the original contract."

And see Restatement, Contracts § 590; Sweinhart v.

Bamberger, 166 Misc. 256, 2 N. Y. S.2d 130; 12 Am. Jur. 717; and 17 C. J. S., Contracts, § 285, p. 672. ·

■ The fact that a new consideration enters into the new contract is of no avail to the plaintiff, if the two considerations are indivisible. 2 Elliott, Contracts, § 679. And see 17 C. J. S., Contracts, 673, § 286.

■ The respondent asserts that it was not a party in pari delicto, and that the instruments should be enforced for its benefit. In furtherance of justice the courts afford relief to an innocent party to an illegal bargain. 12 Am. Jur. 734. No case has been called to our attention extending this policy to a mere assignee standing in the shoes of a party in pari delicto. It is all too apparent that so to extend the policy would provide a guilty party to an illegal bargain with a convenient means of defeating public · policy. We deem the contention untenable.

In our opinion the new note and mortgage were not purged of the taint of illegality arising from the original bargain, and the learned court erred in lending itself to the enforcement of the substituted claim.

We have not failed to consider the additional propositions argued by respondent. They are deemed not to warrant discussion.

■ A further matter requires consideration. The defendant sought affirmative relief at the hands of the court. The policy that a court will not lend its aid to a man who founds his cause of action upon an immoral or illegal act will move a court to turn a deaf ear to the petitions of all equally culpable parties to an illegal bargain, and to leave them in the position in which they have placed themselves.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment dismissing the complaint.

All the Judges concur.