ROSSUM, Respondent, v. WICK, Appellant

(56 N. W.2d 770)

(File No. 9295. Opinon filed January 27, 1953)

**John C. Farrar,** Rapid City, for Defendant and Appellant.

**George A. Bangs** and **W. A. McCullen,** Rapid City, for Plaintiff and Respondent.

ROBERTS, P. J.   This is an action to recover a broker's commission.   The action was tried to the court sitting without a jury and resulted in a judgment in plaintiff's favor from which the defendant has appealed.

The court found in substance that defendant agreed to pay to plaintiff a commission of five per cent of the purchase price of certain real property owned by him in Rapid City if plaintiff procured a purchaser for the property subject to a five-year lease on the first floor and basement of the building thereon; that plaintiff found a purchaser, the First Federal Savings & Loan Association, ready, able and willing to purchase the property on the terms specified by defendant; that the prospective purchaser demanded that defendant furnish assurances "That the purchaser could obtain possession at the end of the five year period" and "That the building on said property did not encroach upon the adjoining lands not owned by the defendant"; and that a sale was not consummated because defendant refused to furnish these assurances which were within the purview of the brokerage agreement.

There is unanimous agreement that a broker in order to recover the compensation called for by his contract of employment must procure a person who is ready, able and

willing to purchase on the terms proposed by his principal. Upon the production of such a purchaser, the refusal of the principal to complete the sale does not deprive the broker of his right to compensation. Ericson v. Ebsen, 52 S. D. 97, 216 N.W. 860, and cases cited. This is a phase of the fundamental rule that he who prevents a thing from being done may not take advantage of the non-performance which he has occasioned. Restatement, Contracts, § 295.

November 4, 1950, defendant executed and delivered to plaintiff a rather brief memorandum listing the premises in question for sale "for the sum of Fifty-eight Thousand Dollars, said property subject to lease for five years on the first floor and basement" and reciting therein that he would pay to plaintiff a commission of five per cent on the amount of the sale price. Defendant had leased the premises for a term of ten years commencing on November 1, 1945, with an option to extend the term for an additional five years from and after the expiration of the ten year term. The manner of exercising the option as expressed in the lease reads as follows: "If the lessee elects to exercise his option, above mentioned, he shall give to the Lessor at least thirty (30) days written notice of his intention to exercise said option, which notice shall be given to the Lessor on or before the 1st day of October, 1950". The lessee did not give notice on or before the day specified of his election to exercise the option and plaintiff was so informed at the time of the listing. It now appears that the lessee asserts the right to exercise the option by giving notice at least thirty days before the·expiration of the original term claiming that "October 1, 1955" was intended instead of "October 1, 1950" in specifying the expiration date for the giving of notice and that he is entitled to a reformation of the lease.

Thereafter and during the term of the listing negotiations through the efforts of plaintiff took place between representatives of the First Federal Savings & Loan Association and defendant. Defendant refused to agree to a condition contained in an agreement prepared and submitted by the prospective purchaser that vendor furnish "written statements from tenants showing no claims to rights of tenancy extending beyond November 1, 1955". This condi-

tion was never withdrawn. It is not necessary to recite and consider other conditions in the purported acceptance.

▋ The general rule is that an acceptance must not change, add to or qualify the terms of the offer; otherwise there is no contract. Richards Trust Co. v. Beach, 17 S. D. 432, 97 N.W. 358; Phelan v. Neary, 22 S. D. 265, 117 N. W. 142; Jepsen v. Marohn, 22 S. D. 593, 119 N.W. 988, 21 L.R.A., N.S. 935; Watters v. Dancey, 23 S. D. 481, 122 N.W. 430; see also annotations in 149 A.L.R. 205 and 3 A.L.R.2d 256. "A reply to an offer, though purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counter offer". Restatement, Contracts, § 60; I Williston on Contracts (Rev. Ed.) § 78. An acceptance, however, is not ineffectual as such because it imposes a condition if the condition expresses that which would be implied by law. Grimsrud Shoe Co. v. Jackson, 22 S. D. 114, 115 N.W. 656; see also Restatement, Contracts, § 60, comment a, and annotation in 1 A.L.R. 1508. The law imputes to a vendor a covenant that he will convey a marketable title unless the offer stipulates that the offeree take something else. Weitzel v. Leyson, 23 S. D. 367, 121 N.W. 868; Larson v. Thomas, 51 S. D. 564, 215 N.W. 927, 57 A.L.R. 1246; Boekelheide v. Snyder, 71 S. D. 470, 26 N.W.2d 74. Thus an offer to sell land may be accepted subject to a condition that it is "free of incumbrance". That condition is implied by law and involves no qualification of an offer which does not by its terms contain specifications as to the incumbrance. Harris v. Bills, 203 Iowa 1034, 213 N.W. 929. A lease of land expiring after the time for the delivery of a deed constitutes an incumbrance upon the property and no doubt a condition in an acceptance requiring in effect removal of incumbrances would not preclude a contract.

▋ Under the terms of the listing, defendant agreed to convey "subject to lease for five years". It is not claimed that lessee had availed himself of the option to extend the term of the lease by the giving of notice. There remained at the time of the listing approximately five years of the initial term. Plaintiff argues that the listing in effect describes a lease expiring in five years, without right of renewal, and

that if the option privilege is effective and the tenant avails himself of its provisions defendant would be unable to perform according to the terms of his offer. Counsel for defendant contends that the option privilege in the lease, if effective, was not an undisclosed incumbrance and that the general principle to the effect that a broker takes a contract to procure a purchaser to buy what his principal has to sell and that if he knows that his principal has a title not acceptable to a prospective purchaser then he has not produced a purchaser who is ready, able and willing to take the property in accordance with the terms of his contract is applicable to the facts here shown. See annotation in 156 A.L.R. 1398. It is not, however, necessary for us to consider this line of cases. The proposal to purchase as we have stated was contingent upon the furnishing of statements from tenants showing no claims to right of tenancy after November 1, 1955. There is no provision of this nature in the listing and defendant emphatically refused during negotiations to assent thereto. Defendant agreed to convey a merchantable title, but the law did not imply for that reason the condition attached to the purported acceptance. As stated by the annotator in 149 A.L.R. 205: "Every addition, in an attempted acceptance, of a new term which, compared with the express or implied terms of the offer in regard to the title to the land, imposes an additional obligation upon the offerer, precludes the consummation of the contract." It was the right of the defendant owner to specify the terms and conditions upon which he would part with title to his property. The proposal made by the prospective purchaser constituted a counter offer which the defendant had a right to reject and no sale was consummated.

For the reasons herein stated the judgment of the trial court is reversed.

All the Judges concur.