W. M. RICHARDSON, Plaintiff and Appellant,

v.

Richard AFDAHL and Esther Afdahl, Defendants and Appellees.

No. 13353.

Supreme Court of South Dakota.

Considered on Briefs Oct. 21, 1981.

Decided Dec. 16, 1981.

---

Arend E. Lakeman of Lakeman & Krause, Mobridge, for plaintiff and appellant.

Russell C. Molstad, Jr., of Molstad & Molstad, Sturgis, for defendants and appellees.

DUNN, Justice.

This is an appeal from a summary judgment granted to appellees, Richard and Esther Afdahl, in an action by appellant, W. M. Richardson, to recover his broker's commission of $14,625 pursuant to an exclusive listing agreement for the sale of appellees' ranch. We reverse and remand for trial.

On March 13, 1978, appellee and appellant executed a one-year exclusive listing agreement for the sale of appellees' ranch. The agreement provided for a total sale price of $292,500, including twenty-nine percent in down payment and the balance at seven percent interest payable in ten years on a twenty-year amortized contract. The agreement also provided for possession at a time to be negotiated and a broker's commission of five percent on any sale accepted by appellees.

Appellant subsequently located a prospective purchaser, King R. Rhiley, Jr., who executed a Uniform Purchase Agreement (Agreement) on October 11, 1978. By the terms of the Agreement, Rhiley offered $292,500 for the ranch with the annual payments described in the listing agreement to be made on December 1 of each year. A check for $14,825 in earnest money accompanied the Agreement. The Agreement also provided for an additional cash payment of $70,000 on the closing date, December 1, 1978 and for transfer of possession on December 1, 1978.

On October 14, 1978, appellant notified appellees that their ranch was sold. Two days later, appellant met with appellees at their ranch and presented them with the Agreement and the earnest money deposit. Appellees did not sign the Agreement.

The testimony conflicts as to why the Agreement was not signed. Appellant contends that appellees wanted to discuss the sale with the County Supervisor of the

FmHA with regard to repaying the loan on their land and the disaster loan on their cattle. Appellant further claims that on November 4, 1978 he contacted appellees again. Appellees rejected the offer on advice of counsel and refused to negotiate a possession date or to make a counteroffer to submit to the prospective purchaser. All discussions were terminated at this point.

Appellees claim that during the October 14, 1978 meeting with appellant, they objected to the possession date and instructed appellant to go back to Mr. Rhiley and get another possession date from which they could negotiate. They also contend that later that same day, appellant contacted them and insisted that they sign a blank Agreement except for a possession date which appellant would then send to Rhiley. Appellees refused to sign a blank Agreement and requested that appellant get another possession date from Rhiley from which they could negotiate. Appellees did not hear from appellant until they received a letter from appellant demanding his brokerage commission.

Appellees moved for summary judgment under SDCL 15–6–56(b), (c) on the ground that no genuine issue as to any material fact existed. This motion was denied by the circuit court. After the pretrial conference, the trial judge authorized appellees' counsel to resubmit their motion for summary judgment. Appellant made a motion for summary judgment and made application to cross-examine appellees as adverse witnesses. Appellees then renewed their motion. At a hearing on the motions, the circuit court denied appellant's motion to cross-examine appellees. Subsequently, the circuit court entered an order and judgment granting summary judgment to appellees.

On appeal, appellant contends that summary judgment was improperly granted because a genuine issue of material fact exists; that the circuit court did not have the authority to request appellees to renew their motion for summary judgment; and that the circuit court erred in denying his motion to cross-examine appellees. In light of our resolution of the first issue, we need not address the final two issues.

"Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. SDCL 15–6–56(c)." *Hurney v. Locke*, 308 N.W.2d 764, 767 (S.D. 1981). The pleadings, affidavits, depositions and all reasonable inferences which may be drawn therefrom are to be viewed most favorably to the nonmoving party. *Hurney v. Locke, supra; Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). "The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law[.]" *Wilson v. Great Northern Railway Company*, 83 S.D. at 212, 157 N.W.2d at 21.

■■■ A broker is entitled to his commission when he produces a purchaser who is ready, able and willing to purchase at a price and upon the terms specified by the principal or satisfactory to him. *Larson v. Syverson*, 84 S.D. 31, 166 N.W.2d 424 (1969); *Dobson v. Wolff*, 74 S.D. 493, 54 N.W.2d 469 (1952). But if a material and substantial variance exists between the listing contract and the offer, the offer can be rejected by the seller without incurring liability to the broker. *Erwin v. Eakin*, 46 S.D. 320, 192 N.W. 745 (1923); *Peter M. Chalik & Associates v. Hermes*, 56 Wis.2d 151, 201 N.W.2d 514 (1972).

■■ Appellees maintain that they are entitled to summary judgment as a matter of law because the terms of the purchase agreement varied substantially from the terms of the listing agreement. To support this contention they allege the Agreement called for the payment of an earnest money deposit of $14,825 on October 11, 1978 with $70,000 to be paid on December 1, 1978 whereas a twenty-nine percent down payment was specified in the listing agreement. In *McDonald v. Stonebraker*, 255 N.W.2d 827 (Minn.1977), the Minnesota Supreme Court found that a $50,000 down payment term in a listing agreement was satisfied by the offer of $500 in earnest money and the promise to pay $49,500 at the time of execu-

tion of the contract for deed. In reaching this conclusion, the court stated:

> It would be unreasonable to construe 'downpayment' in this listing agreement to require that a check for $50,000 accompany an offer which might for numerous reasons be refused.... If the seller wants a certain minimum amount in earnest money, to be forfeited should the buyer default, the seller should so specify. A seller is free, of course, to require the full downpayment in earnest money, but should manifest clearly his intent to do so. In the absence of any such indication, the trial court properly construed the term 'downpayment' to be satisfied by the prospective buyer's offer of payment in two installments, close in time to one another, and payable at or before the date of closing.

255 N.W.2d at 829. Applying this rationale to the facts before us, we hold that the purchaser agreed to the down payment term specified in the listing agreement. The offer was in substantial compliance with the listing contract.

In addition to the terms specified in the listing agreement, the possession date was left to be negotiated between the seller and any prospective purchaser. In general, where the listing agreement contemplates negotiation of terms, a commission is not earned until an agreement upon the terms is reached between the buyer and seller. *Peter M. Chalik & Associates v. Hermes, supra.* It would be unjust, however, to allow a principal to avoid paying a commission fairly earned due to his own fault or misconduct or wrongful neglect in preventing the consummation of his contract with the buyer. *McDonald v. Stonebraker, supra; Peter M. Chalik & Associates v. Hermes, supra.* "[A] refusal of the principal to complete the sale [with the buyer] does not deprive the broker of his right to compensation." *Larson v. Syverson,* 84 S.D. at 35, 166 N.W.2d at 426; *Rossum v. Wick,* 74 S.D. 554, 56 N.W.2d 770 (1953). Thus, "a broker may be entitled to a commission if the seller's refusal to consummate the transaction is arbitrary, capricious, unreasonable, or wrongful, ... [but not if] the

refusal is for reasonable cause relating to the transaction." *Goetz v. Anderson,* 274 N.W.2d 175 (N.D.1978). The dispositive issue is appellees' good faith in negotiating a complete agreement. *McDonald v. Stonebraker, supra;* 12 Am.Jur.2d, *Brokers,* § 167 (1964). The issue of good faith is a factual question not properly resolved on a motion for summary judgment.

We reverse the order and judgment of the circuit court and remand for trial.

All the Justices concur.