---

Charles Rick Johnson of Johnson, Eklund & Davis, Gregory, Jana Miner, on brief, Vermillion, for plaintiff and appellant.

William J. Srstka, Jr., of Duncan, Olinger, Srstka, Lovald & Robbennolt, Richard P. Tieszen of Duncan, Olinger, Srstka, Lovald & Robbennolt, on brief, Pierre, for defendant and appellee.

**PER CURIAM.**

Appellant, Barry Bayer, appeals from an order granting appellee J. Shanard Burke's motion for summary judgment. We affirm.

Appellant brought this action on a promissory note for $211,729.97 at fifteen percent interest per annum given to him by appellee on May 12, 1980. Appellee signed the note after losing $100,000.00 in bets placed with appellant and another $100,000.00 on a "double or nothing" bet placed with appellant on a sporting event.

**Barry BAYER, Plaintiff and Appellant,**

v.

**J. Shanard BURKE, Defendant and Appellee.**

**No. 13984.**

Supreme Court of South Dakota.

Considered on Briefs April 21, 1983.

Decided Sept. 21, 1983.

The trial court, in granting summary judgment, found that part of the consideration for the note was money lost at gambling and, therefore, the note was void under SDCL 53–9–2, which provides:

Any note, bond, or other contract made and entered into, where the whole or any part of the consideration thereof shall be for money or other valuable thing, won or lost, laid, staked, or betted at or upon any game of any kind, under any name or by any means; or for the repayment of money or other thing of value, lent or advanced, at the time and for the purpose of any game, play, bet, or wager, or being laid, staked, betted, or wagered thereon shall be absolutely void.

At issue in this appeal is whether appellee is entitled to summary judgment where the promissory note upon which appellant sought recovery was the product of a gambling transaction. Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. SDCL 15–6–56(c). *Richardson v. Afdahl*, 313 N.W.2d 457 (S.D.1981); *Hurney v. Locke*, 308 N.W.2d 764 (S.D.1981).

▮ Appellant argues that a factual question exists on the sufficiency of consideration given by him for appellee's note. He claims that the consideration for the note was not appellee's debt of $200,000.00 from the wagers between the two; rather, the consideration was appellant's forbearance from suing appellee for money lost on previous wagers. It is correct that forbearance from exercising a right is legal consideration. *American State Bank v. Cwach*, 85 S.D. 562, 187 N.W.2d 107 (1971). 1 S. Williston, The Law of Contracts § 135 (3rd. ed. 1957). But the language of SDCL 53–9–2 is clear: any note or contract with any part of the consideration thereof involving money won or lost at gambling is absolutely void.

It makes no difference that appellant claims the consideration for the note is for-bearance from suit rather than gambling debts, for even appellant admits that the *entire* transaction which forms the basis for the note in question is the gambling be-tween the two men. As this court has stated, gambling contracts often try to take the form of legitimate contracts. It is the duty of the courts to pierce this disguise and to ascertain the real activities involved. *Waite v. Frank*, 14 S.D. 626, 86 N.W. 645 (1901).

Merely by claiming that the consideration for the note is forbearance from suit rather than gambling debts does not purge the note of its unlawful character. In *Beverage Co. v. Villa Marie Co.*, 69 S.D. 627, 13 N.W.2d 670 (1944), we held that where the consideration for a new contract is a cancellation or compromise of an earlier illegal contract the consideration for the two contracts was indivisible and the illegality of the original contract also made the subsequent contract unenforceable.

The principle is thus stated by Williston, Contracts § 1629 (see pocket supplement):

"If the original contract is illegal, a claim thereon has no color of right and forbearance to sue upon or surrender of it does not constitute sufficient consideration for a subsequent agreement. In other words, a promise to do anything as a compromise or satisfaction of an illegal bargain is itself illegal. . . . "

*Beverage Co. v. Villa Marie Co.*, 69 S.D. at 631, 13 N.W.2d at 671, 672. The promissory note in question in this case is concerned entirely with gambling. Therefore, it is void and unenforceable under SDCL 53–9–2. As such, there is no genuine issue of material fact in this case and appellee is entitled to judgment as a matter of law.

The order of the circuit court is affirmed.